UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUCE L. JENNINGS,

Plaintiff,                                    Case No.: 6:08-cv-833-ORL-18

vs.

MICHAEL MUKASEY, as Attorney
General of the United States   in his
official capacity;  the UNITED STATES
DEPARTMENT OF JUSTICE; UNITED
STATES ATTORNEY'S OFFICE FOR
THE MIDDLE DISTRICT OF FLORIDA;
and ROBERT O'NEILL, as United States
Attorney for the Middle District of Florida,
in his official  capacity.

Defendants.

_____

## SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF

Bruce L. Jennings (hereinafter "Jennings"), as Plaintiff, hereby files this,  his

Complaint For Declaratory Judgment and Relief pursuant to 28 U.S.C. §2201 in the

above-styled action by and through his undersigned counsel and states:

### Introduction and Background

1.      This is a Complaint to seek declaratory relief from the United States

District Court pursuant to 28 U.S.C. §2201 in which all of the Defendants, by and

through the United States Attorney's Office for the Middle District of Florida-Orlando

Division and their representative attorneys, have refused to comply with 18 U.S.C.

§ 921(a)(20) and 18 U.S.C. §921(a)(33)(B)(ii), and in doing so, made an immediate

threat to prosecute Jennings should he possess any firearm, despite Jennings' right to possess firearms under federal law. Jennings seeks a declaration by the Court that he has, under federal law, a right to possess firearms.

2.     On October 17, 1985, as part of a plea agreement, Jennings pled *nolo contendere* to a misdemeanor violation of California *Penal Code* §245(a) (assault against his wife) before the Superior Court of the State of California, County of San Bernardino.

3.     In 1996, Congress amended the Gun Control Act making it unlawful for anyone convicted of the this type of assault (referred to as a "MCDV" violation) to "...ship or transport in interstate or foreign commerce, *or possess* in or affecting commerce, any firearm...." 18 U.S.C. §922(g)(9).  For purposes of 18 U.S.C. §922(g)(9), however, a person shall <u>not</u> be considered to have been "convicted" of a MCDV violation, and thereby be entitled to possess firearms, if:  the conviction has been e*xpunged* or *set aside* <u>unless</u> the *expungement* or *set aside* "<u>expressly</u>" provides that the expunged party <u>may not possess or receive</u> firearms.  If there is no <u>express prohibition</u> against possession of firearms in the expungement and set aside order, then a person (*like Jennings*) may possess firearms.   18 U.S.C. §921(a)(33)(B)(ii).

4.     On December 8, 2005, Jennings did in fact receive a <u>"Corrected Order Expunging Conviction *NUNC PRO TUNC*  To October 18, 1987"</u> in which the Presiding Superior Court Judge of the County of San Bernardino, California set aside Jennings conviction and "Ordered," *inter alia*, "...that the relief granted to the

petitioner (Jennings) in accordance with California *Penal Code* Section 1203.4a be entered *nunc pro tunc* to October 18, 1987, under the statute and law that existed on October 18, 1987, to wit: Section 1203.4a of the California *Penal Code*." The Presiding Judge also Ordered the Clerk to notify the California Department of Justice of the Court's corrected superseding expungement and set aside Order and the relief granted to Jennings on December 8, 2005.

5.     The law, as it stood in California in 1987 under Section **1203.4a** (expungement and set aside relief for persons convicted of **misdemeanors** such as Jennings), contained no express or even implied prohibition against a beneficiary under 1203.4a of the right to possess a firearm. A separate 1987 statute, Section **1203.4(a)** for those seeking expungement and set aside relief for **felony convictions** (*unlike Jennings*), did contain a reference expressly prohibiting those persons with relief under 1203.4(a) from possessing firearms.

6.     The Defendants refuse to obey and follow the laws of the United States, to wit: 18 U.S.C. §921 and the applicable federal statutory scheme and provisions referred to above and have stated in clear and certain terms that they will prosecute Jennings the moment he exercises his rights under 18 U.S.C. §921(a)(20) and 18 U.S.C. §921(a)(33)(B)(ii). The threat is real, it is immediate, it is not hypothetical and has been confirmed in correspondence between counsel for Jennings and Defendant United States Attorney's Office for the Middle District of Florida-Orlando Division. The Defendants are acting outside of their authority and contrary to the laws of the United States of America as set forth above.

3

## Jurisdiction and Venue

7.      This Court has jurisdiction under 28 U.S.C. §2201, which authorizes

this Court to issue a declaration of rights with respect to federal firearms laws as

they apply to Jennings and the Defendants' obligation to obey them; and this Court

has jurisdiction under 28 U.S.C. §1331, as the Complaint and controversy arises

under the laws of the United States, including the Second Amendment of the

Constitution of the United States of America. Venue is proper before this Court

under 28 U.S.C. §1391(b) because the United States Attorney and the United

States Attorney's Office for the Middle District of Florida-Orlando Division, is the

Office refusing to obey the laws of the United States and the Office which has made

the threat to Jennings to prosecute him in the event he exercises his statutory and

Constitutional rights under federal law. Venue is also proper because a substantial

part of the events and threats giving rise to Jennings' Complaint have occurred in

this District, specifically within in the Orlando Division for the Middle District of

Florida, and within the jurisdiction of this Court.

## Parties

8.      Jennings resides in Port Orange, Florida. Defendant Unites States

Attorney for the Middle District of Florida, Robert O'Neill, and his Office reside and

are located in Orlando, Florida, and may each be served at the United States

Attorney's Office, Middle District of Florida, 501 West Church Street, Suite 300,

Orlando, Florida 32805. The Defendant Attorney General of the United States and

4

the Department of Justice may be served at 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

## Facts

9.    From on or about 1981 through 1999, Jennings possessed a Federal Firearms License and was lawfully engaged in the firearms business in Nevada, doing business as B.L. Jennings, Inc. as a firearms distributor.

10.    In or around April 9, 1985, Jennings was charged in San Bernardino County, California with assault by means likely to produce great bodily injury in violation of California *Penal Code* §245(a).

11.    On October 17, 1985, as part of a plea agreement, Jennings pled *nolo contendere* to a misdemeanor violation under Section 245(a) of the California *Penal Code.*

12.    Jennings was sentenced to 90 days in jail and 24 months supervised probation, among other requirements.

13.    Jennings complied in all respects with the court's Sentencing Order and fulfilled each and every obligation owed to the court under his sentence and to his family.

14.    In fact, he assisted his ex-wife in starting her own firearms manufacturing business, and to this day they remain close friends and wonderful parents to their surviving child.

15.    At the time of Jennings' sentence, the sentencing Judge "Withheld Pronouncement of Judgment."

16.     Jennings was under the impression at all times relevant hereto that if he successfully completed his probationary period after serving his 90-day jail term, he would not have a conviction after October 18, 1987.

17.     From the date Jennings successfully completed his probation on October 17, 1987, Jennings continued to conduct his firearms business in Nevada and at all times under the impression he did not have a conviction. At all times thereafter until early 1999 Jennings' company, B.L. Jennings, Inc., continued in good standing with the Bureau of Alcohol, Tobacco and Firearms (hereinafter "BATF") and conducted its business in a lawful and honorable manner, as did Jennings in his individual capacity.

18.     In or around early 1999, Jennings received notice from the BATF that it had determined that Jennings had a conviction on his record and that it was a ground to revoke his business license under the 1996 amended Gun Control Act, 18 U.S.C. §922 (g)(9); namely, revocation pursuant to Jennings' MCDV 1985 conviction for assault.

19.     Shortly after receiving the above-referenced Notice for possible revocation of his company's firearms license, he spoke with a representative of the BATF who informed him that in light of the circumstances, if he were to obtain an "expungement" of his 1985 misdemeanor conviction from the Superior Court of California, that would likely solve the problem with his license with the BATF.

20.     Jennings remained confused as to why he still had a "conviction" on his record in light of his successful completion of his probation, and consulted

6

private counsel in California to assist him in obtaining the so-called "expungement." He had, prior to his conversation with the BATF official, never heard of the term"expungement" or "set aside" prior to this time, nor did he understand what these terms meant.

21.    The public's confusion and ignorance of the expungement and set aside requirements under California law has been and remains a problem with the California criminal justice system.  In a strongly worded critique of California Superior Court judges and criminal defense attorneys, the California Supreme Court urged its state courts and the defense bar to remove the complexity and confusion experienced by individuals such as Jennings by explaining to defendants the need to obtain expungement orders to remove convictions. *People v Navarro* 7 Cal.3d 248, 279-89 (Cal. 1972).  The problem in California continued with Jennings and, to some extent, remains a problem today.

22.    On September 23, 1999, Jennings sought and received an expungement of his conviction before the Superior Court of California.  The Order issued by the Court on September 23, 1999, erroneously provided relief under **Section 1203.4(a)** of the California *Penal Code* and not **Section 1203.4a** of the *Penal Code*, which was the section available to Jennings as a person seeking expungement and set aside relief for misdemeanor convictions in 1987, and which contained no express or implied prohibition against possession of firearms--the section Jennings believed he was to receive.  Jennings' September 23, 1999, Expungement Order under Section 1203.4(a), in fact, contained an express

7

prohibition against possession of a firearm. Attached hereto as Exhibit "A" is a true and correct copy of Jennings' first and original Expungement Order dated September 23, 1999.

23.     On March 25, 2004, the BATF revoked Jennings' license and refused to accept the Expungement Order of September 23, 1999, from the Superior Court of California.

24.     On May 23, 2003, Jennings' Nevada counsel filed a Petition for Judicial Review pursuant to 18 U.S.C. §923(f)(3) alleging, in part, that Jennings' California counsel made a mistake by seeking expungement relief under Section 1203.4(a) rather than 1203.4a of the California *Penal Code*. The District Court subsequently refused to consider the argument that a mistake was made and upheld the BATF revocation.

25.     Jennings sought relief from the United States Court of Appeals for the Ninth Circuit in or around September of 2005. After submitting its Opening Brief, on or about November 21, 2005, Jennings returned to the Superior Court of California to seek a (Proposed) Corrected Order Expunging Conviction *Nunc Pro Tunc* To October 18, 1987 in light of the mistake and/or error made by Jennings' former counsel in 1999.     The decision to modify, correct and change his expungement order and set aside relief rested exclusively within the power and authority of the Superior Court of California, not the federal courts. Accordingly, Jennings authorized proceedings before the same Superior Court to address the matter, the Court which had all the records before it dating back to 1985, and the

8

Court familiar with the expungement and set aside laws of the State of California.

26.     Attached hereto as Exhibit "B" is a true and correct copy of a letter
dated December 8, 2005, to the Clerk of the Superior Court of California regarding
Jennings' Notice of Motion from Janelle James, assistant to Jennings' counsel.
Attached hereto as Exhibit "C" is a true and correct copy of a letter dated December
8, 2005, asking the Superior Court how it wished to proceed with Jennings':
"PROPOSED     NOTICE     OF     MOTION     AND     MOTION     TO     CORRECT
TYPOGRAPHICAL ERROR IN ORDER EXPUNGING CONVICTION *NUNC PRO
TUNC* TO OCTOBER 18, 1987; DECLARATION OF BRUCE L. JENNINGS IN
SUPPORT THEREOF." As Exhibit "C", page 2 reflects, the San Bernardino County
District Attorney, Rancho Cucamonga Office, was served with all correspondence,
the Notice of Motion, Memorandum of Points of Authorities, Jennings' Declaration,
attachments of relevant statutes at issue, and the proposed Order.

27.     Attached hereto as Exhibit "D" is a true and correct copy of the
"(Proposed ) Notice Of Motion and Motion To Correct Typographical Error In Order
Expunging Conviction Nunc Pro Tunc To October 18, 1987"; Attached hereto as
Exhibit "E" is a true and correct copy of Jennings "Memorandum of Points and
Authorities"; Attached hereto as Exhibit "F" is a true and correct copy of "Declaration
of Bruce Jennings in Support of Motion to Correct Typographical Error in Order
Expunging Conviction *Nunc Pro Tunc* To October 18, 1987" which incorporated four
separate attachments attached to Jennings' Declaration (as Jennings' Exhibits "A",
"B", "C", and "D") all set forth herein as Exhibit "F", pages 1-16.

9

28.     On December 8, 2005, the Superior Court Judge assigned to the case
had before it the entire record of Jennings dating back to 1985, including Exhibits
"B" - "F", attached hereto, and took the matter under advisement.  The Superior
Court Judge determined no hearing was necessary and Jennings' counsel learned
near the Christmas holiday that the Presiding Judge granted the Motion and
corrected Jennings' September 23, 1999, expungement and set aside Order with
a corrected superseding expungement and set aside Order granting relief under
Section 1203.4a instead of Section 1203.4(a) of the California *Penal Code*.  The
Court executed and signed the Order as of the date of the Notice of Motion, that is,
on December 8, 2005, providing Jennings the relief he originally sought in 1999,
allowing him the right to possess firearms under Section 1203.4a, consistent with
18 U.S.C. §921(a)(33)(B)(ii).  Attached hereto as Exhibit "G" is a true and correct
copy of the Superior Court Order from the County of San Bernardino executed and
entered on December 8, 2005.  Shortly thereafter, the Government's attorney was
notified of the ruling and decision of the Superior Court of California.

29.     On January 20, 2006, the Ninth Circuit authorized Jennings to file an
Amended Opening Brief and to allow the panel to decide whether it wished to hear
evidence outside the administrative record and the record from the District Court;
that is: the corrected superseding expungement Order under Section1203.4a  from
the Superior Court of San Bernardino executed and entered on December 8, 2005,
(Exhibit "G").  Attached hereto as Exhibit "H" is the Ninth Circuit's January 20, 2006,
Order.

10

30.     In its ruling and Opinion filed December 20, 2007, the Ninth Circuit ruled that "... for simplicity purposes, we refer to section 1203.4 instead of the subsection 1203.4(a)."   The Ninth Circuit further denied Jennings' motion to consider the California Superior Court's superseding corrected expungement and set aside Order executed and dated December 8, 2005, (Exhibit "G") because it was not relevant to the judicial proceeding, which was only a review of the BATF's March 23, 2003, final decision to revoke Jennings' firearms license.  In simple terms, the Ninth Circuit ruled that events after the BATF record closed on March 23, 2003, would not be considered by the Ninth Circuit or the District Court.  Accordingly, the Court ruled that the September 23, 1999, expungement order under 1203.4(a) and the cases addressing 1203.4(a) (*not 1203.4a as of 1987*) did not meet the federal standard for expungement relief because Jennings' original expungement order of September 23, 1999, (Exhibit "A") contained an express prohibition to possess firearms.

31.     Attached hereto as Exhibit "I" is a true and correct copy of the relevant California expungement statutes:  Section 1203.4(a) of the 1987 California *Penal Code* beginning at Exhibit "I", page 1-2.  Section 1203.4a, as set out in Exhibit "I", pages 2-3, is the exact 1987 expungement and set aside section Jennings was granted relief under from the California Superior Court on December 8, 2005, (Exhibit "G").

32.     As the Court indicated in its December 8, 2005, corrected superseding

expungement and set aside Order, the Court ruled and Ordered, *inter alia*, the

following:

> "IT IS FURTHER ORDERED that the relief granted to
> Petitioner in accordance with California Penal Code
> Section 1203.4a be entered *nunc pro tunc* to October
> 18, 1987, under the statute and law that existed on
> October 18, 1987, to wit: Section 1203.4a of the
> California Penal Code." ( See Exhibit "G", page 2).

33.     When comparing both Section 1203.4(a) with Section 1203.4a

of the California *Penal Code,* as those separate statutes stood in 1987, unlike

1203.4(a) which contained an express firearms prohibition, Section 1203.4a

contained no such prohibition. Accordingly, Jennings' December 8, 2005, corrected

superseding expungement and set aside order, signed by the Superior Court,

assured Jennings relief under the plain meaning of 18 U.S.C. §921(a)(33)(B)(ii).

34.     In 1988, the California legislature decided that even those with

expungement and set aside relief for misdemeanor convictions (like Jennings)

should not be able to possess firearms.     Accordingly, Section 1203.4a was

amended to include, like Section 1203.4(a), an express provision to preclude the

right to possess firearms.  Attached and incorporated hereto as Exhibit "J", pages

1-3, is a true and correct copy of the amendment to Section 1203.4a of the *Penal*

*Code* in 1988.  There can be no doubt, however, that as of 1987, when Jennings

received expungement and set aside relief, no prohibition existed precluding him

from possessing firearms.

12

35.     Jennings' December 8, 2005, expungement and set aside Order set

aside his conviction and restored his rights under state law save and except the

limited provisions of 1203.4a as that law stood in 1987; that is, he was released

from all penalties of his convictions except as they may relate to the Vehicle Code,

Section 13555.   Nothing more.   There is no express nor implied prohibition to

possess firearms from the set aside of his conviction in the 1987 statute; that is,

Section 1203.4a.  (See Exhibit "I", page 2).

36.     Federal law is quite clear and unambiguous about Jennings' current

right to possess firearms.  For purposes of 18 U.S.C. §922(g)(9), a person shall not

be considered to have been convicted of an MCDV if:

> ...the conviction has been expunged or set aside, or is
> an offense for which the person has been pardoned or
> has had civil rights restored...unless the pardon,
> expungement or restoration of civil rights expressly
> provides that person may not ship, transport, possess
> or receive firearms.   18 U.S.C. §  921(a)(33)(B)(ii).
> (emphasis added)

37.     Jennings' conviction was set aside and expunged by the Superior

Court of California on December 8, 2005, under Section1203.4a of the California

*Penal Code,* which set aside and expungement relief contained no express

prohibition to posses firearms.  (See Exhibit "G").  Accordingly, under federal law,

Jennings may possess firearms.

38.     In light of Jennings' set aside Order of his conviction by the San

Bernardino Superior Court on December 8, 2005, Jennings decided to seek

immediate employment as an independent contractor and consultant with several

separate firearms companies in late 2007 and early 2008.

13

39.     In late 2007, Jennings had discussions with Shining Star Investments, Inc., a licensed firearm distributor, concerning his engagement/employment as a consultant and/or independent contractor . Jennings had over 30-years experience evaluating handgun design, performance and safety, as well as marketing of firearms to licensed wholesalers and dealers in and around the nation including Florida. In or around 2008, Jennings accepted an offer from Shining Star Investments to begin work in the Spring of 2008 as an independent contractor. Jennings' work for Shining Star as a consulting contractor would necessarily require him to possess firearms.

40.     In early 2008, Jennings spoke with Jimenez Arms, a firearms manufacturer, about being hired and/or engaged as a consultant or independent contractor with that company. Jimenez Arms also knew Jennings had 30-years experience in evaluating various designs of handguns for sale to licensed firearms distributors, wholesalers and dealers. Jimenez Arms was aware Jennings, and Jennings firearms company, B.L Jennings, Inc., was in bankruptcy in Middle District of Florida, Jacksonville Division.  In speaking with Jennings, Jimenez Arms was interested in hiring Jennings as an independent contractor/consultant to assist Jimenez Arms in evaluating its products performance and design.  Engagement of Jennings, as an independent contractor/consultant, would also require him to come into possession of Jiminez Arms' firearms products and guns.

41. In late January or early February of 2008, Jiminez Arms agreed to engage Jennings as an independent contractor/consultant and informed Jennings

14

that it would contact Defendant's representatives to inform them of the same and to determine whether Defendants would have an objection in view of the prior dispute between Jennings and Defendants regarding Jennings' rights. Jennings agreed to commence work with Jimenez firearms in the Spring of 2008.

42. During the course of Jennings' personal and company bankruptcy proceedings in late 2007 and 2008, Jimenez Arms purchased equipment (i.e. portions of pistols) from the bankruptcy estate of Jennings. Jiminez Arms agreed to dismantle and cut the purchased guns before shipment to its plant in Henderson, Nevada. To perform this work, Jiminez Arms hired Jennings' fiance', Jo Anne Rushpler, to open an office for Jiminez Arms to cut the receivers and/or frames in half before shipment to Nevada. Jiminez Arms opened a small shop in Daytona Beach, Florida and hired several individuals to carry out the project.

43. In or around early 2008, while the subject guns were being destroyed by Jiminez Arms in Daytona Beach for shipment to its plant in Nevada, local authorities in Daytona Beach and the Defendants were informed that one of Jiminez Arms' employees from Daytona Beach had stolen a number of guns from the office where they were being destroyed. The investigation by local authorities led to the arrest, prosecution and conviction of Randall Jackson who was sent to Florida prison for his theft in July 2008, as a result of a plea agreement.

44. As part of Defendants' investigation of the stolen guns by Randall Jackson, Defendants sent a representative, BATF Special Agent Anna-Kim M. Hadden from one its Florida offices to meet with Jiminez Arms in Nevada on

15

February 22, 2008.  At that meeting, Defendants' Special Agent notified Jimenez Arms, among other matters, that it was Defendants' position that Jennings remained a "prohibited person" under Federal law, and that Jennings could not possess firearms without violating Federal criminal statutes.  Jennings was informed by Jiminez Arms that Defendants believed he remained a "prohibited person."

45.     In early April of 2008 Daniel W. Eckhart, Assistant U.S. Attorney for the Middle District of Florida-Orlando Division, informed Jennings' counsel that he and his Office and the Department of Justice believed Jennings may not possess firearms under federal law, as they interpret it.  He informed Jennings' counsel that possession by Jennings of a firearm would  result in his immediate prosecution.  On information and belief, Defendants or their representatives have repeated this threat to others.

46.     Plaintiff Jennings therefore seeks declaratory relief and a judgment that he may, as a matter of law, possess firearms under Federal law so that he may immediately commence work as a consultant and independent contractor with Shining Star Investments Inc. and Jimenez Arms without risking arrest and prosecution as promised by Defendants; that is: the moment he comes into possession of any firearm.  Jennings believes Defendants' threat to be real and fears testing the Defendants' assurance of prosecution the moment he possesses a firearm will result in his immediate arrest and prosecution.  Jennings' only remedy is to come before this Court and seek relief so that in the event he prevails on the

merits, he can immediately commence work with the above-referenced entities and do so without arrest and prosecution, as promised and threatened by Defendants.

47. In a letter dated May 20, 2008 to Jiminez Arms, the Defendants threatened to prosecute Jimenez Arms for allegedly allowing Jennings to possess firearms in his home in Florida. The Defendants made the threat despite the fact that Jiminez Arms' employee, Rushpler, not Jennings, possessed the firearms in a home she shared with Jennings, which destroyed guns were kept in a separate shed at their home before shipment to Nevada.

48. Jennings also seeks the intercession and jurisdiction of this Court so that he may lawfully purchase and possess a handgun for his personal safety in his home. Jennings fears that exercising his statutory and Second Amendment right would result in his arrest and prosecution, as threatened by Defendants. Should Jennings prevail on the merits of his Complaint, he will immediately purchase a firearm for his safety in his home.

49. Plaintiff Jennings seeks declaratory relief and judgment that concludes that the Defendants' interpretation of federal law is contrary to the plain meaning of the applicable federal statutes and the intent of Congress.

50. Plaintiff Jennings seeks declaratory relief and judgment that concludes the set aside and expungement of his conviction, as more fully set forth in Exhibit "G", on December 8, 2005, by the Superior Court of California under Section 1203.4a of the 1987 California *Penal Code,* is exactly what Congress intended when it enacted 18 U.S.C. §921(a)(33)(B)(ii) and that the Defendants' interpretation

17

of this statute is wrong, as a matter of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jennings, respectfully asks that this Court enter a judgment in favor of Jennings and against the Defendants, as follows:

A.      Declaring that Defendants have wrongfully interpreted 18 U.S.C. §921(a)(33)(B)(ii) in violation of its plain and unambiguous meaning with respect to Jennings.

B.      Declaring that Defendants refusal to recognize Jennings' December 8, 2005, set aside expungement relief from the California Superior Court under 1203.4a is contrary to what Congress contemplated under 18 U.S.C. 921(a)(33)(B)(ii).

C.      Declaring that Defendants' refusal to recognize and respect a lawful Order issued by the Superior Court of California setting aside and expunging Jennings conviction with respect to his right to possess firearms must be respected under 18 U.S.C. §921 (a)(33)(B)(ii) and that failure to do so violates federal law and Jennings statutory and Constitutional rights under the Second Amendment.

D.      Declaring that since October 17, 1987, Jennings has been entitled under federal law to possess firearms without risk and threat of prosecution by Defendants or their representatives.

E.          Declaring and awarding such other relief as may be just and proper

in view of the Defendants' refusal to comply with and obey federal law.

DATED: August 15, 2008

Respectfully Submitted,

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

/s/ Dennis M. Hudson, Jr.
R. STEVEN RAWLS, ESQ.
Florida Bar No.: 0938254
DENNIS M. HUDSON, JR., ESQ.
Florida Bar No.: 0377200
777 S. Harbour Island Boulevard, Suite 500
Tampa, Florida 33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
rrawls@butlerpappas.com
dhudson@butlerpappas.com
Attorneys for Plaintiff, BRUCE L. JENNINGS

LAW OFFICE OF JAMES C. SABALOS
James C. Sabalos, Esq.
CA Bar No. 182545, Pro Hac Vice pending
1400 Bristol Street N., Suite 270
Newport Beach, CA 92660
Tel: (949) 355-6084 or (949) 442-8942
jimsabalos@hotmail.com
janelle@gladychlaw.com
Trial Counsel for Plaintiff, BRUCE L. JENNINGS

19

Exhibit "A"

STUART A. HOLMES
ATTORNEY AT LAW
STATE BAR NUMBER 91018
250 WEST FIRST STREET
SUITE 312
CLAREMONT, CALIFORNIA 91711-4740
(909) 621-5886
FAX (909) 625-3038

ATTORNEY FOR DEFENDANT

FILED
San Bernardino County Clerk

SEP 2 3 1999

By _Julie Bingham_
                        Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO

THE PEOPLE OF THE STATE
OF CALIFORNIA,
           Plaintiff,

    v.

BRUCE JENNINGS,
    Petitioner/Defendant.

) CASE NO. OCR 10512
)
)
) ORDER EXPUNGING CONVICTION
) *NUNC PRO TUNC* TO OCTOBER 18, 1987
)
)
)
)
)
)

TO: THE ABOVE NAMED PETITIONER, HIS COUNSEL OF RECORD, DENNIS STOUT,

DISTRICT ATTORNEY SAN BERNARDINO COUNTY, THE PROBATION DEPARTMENT OF

SAN BERNARDINO COUNTY, AND TO THE CALIFORNIA STATE DEPARTMENT OF JUSTICE

The Petition filed by his counsel in the above referenced matter came on for hearing on this date.

The court makes the following FINDINGS:

    1. Notice of this petition has been given as required by law.

    2. The statutory fee of $60.00 has been paid by the petitioner.

    3. Probation in this matter terminated on October 18, 1987.

    4. That this matter was reduced to a misdemeanor pursuant to California Penal Code

Section 17(b)(4) on October 17, 1985.

    5. It appears to the court from the foregoing petition and from the records on file in this

1

ORDER EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987
OCR 10512

EXHIBIT _A_ PAGE _1_

case that the petitioner is eligible for relief as provided in California Penal Code Section 1203.4

IT IS HEREBY ORDERED that the plea of nolo contendere in the above entitled action be set aside, a plea of NOT GUILTY be entered and the misdemeanor case against the defendant be dismissed.

IT IS FURTHER ORDERED that the relief granted to the petitioner in accordance with California Penal Code Section 1203.4(a) be entered *nunc pro tunc* to October 18, 1987.

IT IS FURTHER ORDERED the defendant is required to disclose the fact of this misdemeanor conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery.

IT IS FURTHER ORDERED that pursuant to California Penal Code Sections 11117 and 13151, that the State of California Department of Justice be notified of the terms of this order by the clerk of this court.

SO ORDERED.
DATED:       SEP 2 3 1999

MARY E. FULLER, JUDGE

MARY FULLER
Judge of the Superior Court

2

ORDER EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987
OCR 10512

EXHIBIT A PAGE 2

Exhibit "B"

# JAMES C. SABALOS
Attorney at Law

CALIFORNIA OFFICE:
4400 MacArthur Boulevard, Suite 230
Newport Beach, CA 92660
Tel: (949) 442-8942 or (949) 355-6084
Fax: (949) 442-8949

LICENSED IN
CA, NV, TX & DC

NEVADA OFFICE:
City Center West
7201 West Lake Mead Boulevard, Suite 108
Las Vegas, NV 89128-8354
Tel: (702) 384-9900; Fax (702) 384-5900

December 8, 2005

*Via Federal Express Overnight Courier*

Clerk of the Superior Court
**Attn: Sally**
Criminal Div., Rancho Cucamonga District
8303 N. Haven Avenue
Rancho Cucamonga, CA 91730

> RE:  **People v. Bruce L. Jennings**
> Case No. OCR 10512 (Original Case No. OCR W-10512)

Dear Sally:

As I discussed with you yesterday by telephone, this office is seeking correction of an apparently typographical error in an Order Expunging Conviction *Nunc Pro Tunc* filed September 23, 1999, expunging Mr. Jennings' 1987 misdemeanor conviction, for purposes of his business license. Enclosed is the letter to whichever Judge will determine how to proceed.

Also enclosed are proposed motion documents, which can be properly filed and served when you let us know where. We can select a date at that time.

If you would be so kind, please advise the undersigned when the old files are available for Mr. Sabalos to come out to Rancho Cucamonga to inspect.

Thank you for your courtesy and assistance.

Very truly yours,

Janelle James
Assistant to James C. Sabalos

Enclosures

G:\SABALOS\JENNINGS V ASHCROFT\Clerk.crim.001.wpd

EXHIBIT __B__ PAGE __1 of 1__

Exhibit "C"

# JAMES C. SABALOS

Attorney at Law

CALIFORNIA OFFICE:
4 MacArthur Boulevard, Suite 230
Newport Beach, CA 92660
Tel: (949) 442-8942 or (949) 355-6084
Fax: (949) 442-8949

LICENSED IN
CA, NV, TX & DC

NEVADA OFFICE:
City Center West
7201 West Lake Mead Boulevard, Suite 108
Las Vegas, NV 89128-8354
Tel: (702) 384-9900; Fax (702) 384-5900

December 8, 2005

*Via Federal Express Overnight Courier*

Judge of the Superior Court
**Attn: Sally**
Criminal Div., Rancho Cucamonga District
8303 N. Haven Avenue
Rancho Cucamonga, CA 91730

    RE:    **People v. Bruce L. Jennings**
            Case No. OCR 10512 (Original Case No. OCR W-10512)

Dear Judge:

    As my assistant discussed with Sally in the Clerk's office yesterday by telephone, I am seeking on behalf of my client, Bruce L. Jennings, to correct an apparently typographical error in an Order Expunging Conviction *Nunc Pro Tunc* filed September 23, 1999, which was intended to expunge Mr. Jennings' 1985 misdemeanor conviction under *Penal Code* §1203.4a as it existed in 1987. The confusion between §1203.4a, available for misdemeanants at that time, and §1203.4(a) relief has caused a serious problem many years after the fact with renewal of Mr. Jennings' federal firearms license and, therefore, his long-standing business of manufacture and sales of firearms.

    At Sally's suggestion, I am writing to seek your assistance in determining how this matter should be handled and in which department. It is my understanding that, since these are very old records, they must first be pulled and reviewed and a determination made as to the correct courtroom and judge. I have, however, enclosed a [Proposed] Notice of Motion and Motion to Correct the error, together with the Declaration of Mr. Jennings attesting to the expungement relief sought in 1999, and a [Proposed] Order for your consideration. Mr. Jennings' Declaration attaches copies of the 1999 *Nunc Pro Tunc* Order and relevant documents for your reference.

    Please advise the undersigned or Janelle James of this office whether Mr. Jennings should

EXHIBIT __C__ PAGE __1__

Judge of the Superior Court
Attn: Sally
Criminal Div., Rancho Cucamonga Dist.
December 8, 2005
Page -2-


proceed by the motion or another procedure, and in which department it will be handled.

Thank you in advance for your prompt attention to this matter.

Respectfully,

James C. Sabalos
Attorney for (former) Defendant,
Bruce L. Jennings

JCS:jj
Enclosures
cc: San Bernardino County District Attorney,
    Rancho Cucamonga office

G:\SABALOS\JENNINGS V ASHCROFT\Judge-Clerk.Crim.001.wpd

EXHIBIT ___C___ PAGE __2__

Exhibit "D"

James C. Sabalos, Esq.
Nevada Bar No. 8649
CA Bar No. 182545
LAW OFFICE OF JAMES C. SABALOS
4400 MacArthur Blvd., Suite 230
Newport Beach, CA 92660
Tel: (949) 442-8942; Fax: (949) 442-8949
Cell:   (949) 355-6084

Attorney for Former Defendant,
BRUCE L. JENNINGS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | CASE NO. OCR 10512 |
| Plaintiffs, | [Re: Order Expunging Conviction *Nunc Pro Tunc* To October 18, 1987] |
| vs. | ORIGINAL CASE NO. OCR W-10512 INFORMATION (F-33724) |
| BRUCE L. JENNINGS, | **[PROPOSED] NOTICE OF MOTION AND MOTION TO CORRECT TYPOGRAPHICAL ERROR IN ORDER EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987; DECLARATION OF BRUCE L. JENNINGS IN SUPPORT THEREOF** |
| Former Defendant. | |
| | **DATE:** **TIME:** **DEPT.:** |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEY'S OF RECORD:

PLEASE TAKE NOTICE that on January _____ ,2005 at _____ .m., or as soon thereafter as the matter may be heard in Department _____ of the above-entitled Court located at _____

_____, Former Defendant, Bruce L. Jennings, will move this Court for re-issuance of its "Order Expunging Conviction *Nunc Pro Tunc* to October 18, 1987" with correction of the typographical error mistakenly granting relief under *Penal Code* Section 1203.4(a) rather than under the proper section, 1203.4a, as those sections existed in 1987.

G:\SABALOS\JENNINGS V ASHCROFT\MOTION CORRECTION.wpd      1
[PROPOSED] NOTICE OF MOTION AND MOTION TO CORRECT TYPOGRAPHICAL ERROR IN ORDER
EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987

EXHIBIT___D___ PAGE___1___

1         This motion is made on the grounds that this Court has the general authority to correct clerical

2    or other errors in its records and orders in the interest of justice.

3         This motion is based on this Notice, the attached Memorandum of Points and Authorities, the

4    Declaration of Bruce Jennings filed concurrently herewith and exhibits thereto, and on such oral and

5    documentary evidence as may be presented at the hearing of the motion.

6

7    DATED: December ___, 2005           LAW OFFICE OF JAMES C. SABALOS

8

9                                     By:

10                                        JAMES C. SABALOS
                                   Attorney for Former Defendant,
                                   BRUCE L. JENNINGS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                          EXHIBIT ___D___ PAGE ___2___

27

28

[PROPOSED] NOTICE OF MOTION AND MOTION TO CORRECT TYPOGRAPHICAL ERROR IN ORDER
EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987

Exhibit "E"

<div align="center">MEMORANDUM OF POINTS AND AUTHORITIES</div>

## I.   INTRODUCTION

Former Defendant Bruce L. Jennings (hereinafter referred to as "Jennings") came before the Court in September, 1999 in order to seek a formal Expungement Order, *Nunc Pro Tunc* to October 18, 1987 under the 1987 statute, *Penal Code* §1203.4a. The Court granted Jennings relief; however, due to the inadvertent typographical error made by either Jennings' then counsel or the court, the relief granted was entered under the incorrect *Penal Code* section. Jennings is currently before this Court in order to seek correction of the typographical error, which has had significant, negative ramifications on his ability to pursue his then and current livelihood in the firearms industry.

## II.   FACTUAL BACKGROUND

Jennings was charged under *California Penal Code* §245 on or about April 9, 1985. Jennings plead *nolo contendere* to the misdemeanor charge and the Court withheld pronouncement of judgment, sentencing Jennings to ninety (90) days in jail and twenty-four (24) months of limited probation supervision. Jennings successfully completed both the jail time and the probation and has had no other criminal violations entered against him since that time. (See attached Declaration of Bruce L. Jennings)

On September 23, 1999, on the advice and through his then attorney, Jennings sought and obtained an "Order Expunging Conviction *Nunc Pro Tunc* to October 18, 1987" from the Superior Court of California, County of San Bernardino, in order to formalize the expungement of his misdemeanor conviction and assure his ability to continue his business in the firearms industry. The District Attorney was present at this proceeding and was aware of and supported Jennings' purpose in seeking the Expungement Order. Additionally, the Department of Probation for San Bernardino was noticed by the Superior Court of the hearing as well.

While Jennings had sought relief under the 1987 statute, *Penal Code*, section 1203.4a, which applied to misdemeanants and contained no prohibitions against firearms, the relief was mistakenly documented and entered as being under section 1203.4(a), a section which specifically prohibited firearms. It is apparent that a typographical error was made, as it is inconceivable that anyone would

G:\SABALOS\JENNINGS V ASHCROFT\MOTION CORRECTION.wpd                3

[PROPOSED] NOTICE OF MOTION AND MOTION TO CORRECT TYPOGRAPHICAL ERROR IN ORDER
EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987

EXHIBIT  E  PAGE  1

1  purposely seek relief under a statute which would effectively deny one's right to continue in their
2  chosen profession for life.

3       Partially due to this error, the BATF subsequently sought to and did revoke Jennings'
4  firearms license, and thus, he has been unable to continue in the profession he has occupied over the
5  last twenty years.  It is for this reason that Jennings seeks an order from this Court re-issuing his
6  expungement order with the requested correction.

7  III.   **LEGAL AUTHORITY**

8       "Courts have inherent power over their records and may at any time correct mere clerical or
9  typographical errors." *Doxsee Co. v. All Persons* (1935) 3 Cal.2d 609, 614.  A clerical error does
10  not invalidate the effectiveness of its entry. *Desherow v. Rhodes* (1969) 1 Cal.App.3d 733, 739.
11  Courts have continuing power to correct a purely clerical error.  *Id.*

12       In this case, it is clear that a purely clerical error was made when the *Nunc Pro Tunc* Order
13  was entered in 1999. Jennings was already in the firearms industry at the time he sought relief from
14  the court and his intent was always to secure his ability to continue in that industry.  Only the relief
15  afforded by Section 1203.4a would allow Jennings to accomplish his goal.  There is no explanation
16  other than a typographical error which would explain the entry of relief under Section 1203.4(a)
17  rather than under 1203.4a.

18       As such, this Court is entitled to correct that error in the record without invalidating the
19  original effectiveness of the Order. *Id.* Jennings therefore respectfully asks this Court to issue the
20  attached [Proposed]Corrected Order, which will properly reflect relief under Penal Code section
21  1203.4a as it existed in 1987.

22  IV.   **CONCLUSION**

23       Based upon the foregoing points and authorities, the accompanying declaration of Jennings,
24  and all such oral and documentary evidence upon which this Court may choose to rely, Former
25  ///
26  ///
27  ///                                  EXHIBIT __E__ PAGE __2__
28  ///

G:\SABALOS\JENNINGS V ASHCROFT\MOTION.CORRECTION.wpd          4
  [PROPOSED] NOTICE OF MOTION AND MOTION TO CORRECT TYPOGRAPHICAL ERROR IN ORDER
  EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987

1  Defendant Jennings respectfully requests that this Court enter a Corrected Order Expunging

2  Conviction *Nunc Pro Tunc* to October 18, 1987, under *Penal Code* Section 1203.4a.

3

4  DATED: December ___8___, 2005            LAW OFFICE OF JAMES C. SABALOS

5

6                                           By_____

7                                              JAMES C. SABALOS, Esq.
                                               Attorney for Former Defendant, BRUCE L.
8                                              JENNINGS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                              EXHIBIT __E__ PAGE __3__

28

G:\SABALOS\JENNINGS V ASHCROFT\MOTION.CORRECTION.wnd                    5
[PROPOSED] NOTICE OF MOTION AND MOTION TO CORRECT TYPOGRAPHICAL ERROR IN ORDER
EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987

EXHIBIT "F"



1   James C. Sabalos, Esq.
    Nevada Bar No. 8649
2   CA Bar No. 182545
    LAW OFFICE OF JAMES C. SABALOS
3   4400 MacArthur Blvd., Suite 230
    Newport Beach, CA 92660
4   Tel: (949) 442-8942; Fax: (949) 442-8949
    Cell:  (949) 355-6084

5

    Attorney for Former Defendant,
6   BRUCE L. JENNINGS

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN BERNARDINO

10

11   PEOPLE OF THE STATE OF CALIFORNIA,   )   CASE NO. OCR 10512
                                       )
12                                  )   [Re: Order Expunging Conviction *Nunc Pro*
               Plaintiffs,       )   *Tunc* To October 18, 1987]
13                                )   ORIGINAL CASE NO. OCR W-10512
                               )   INFORMATION (F-33724)
14   vs.                              )
                               )   **DECLARATION OF BRUCE JENNNINGS**
15                                )   **IN SUPPORT OF MOTION TO CORRECT**
    BRUCE L. JENNINGS,            )   **TYPOGRAPHICAL ERROR IN ORDER**
16                                  )   **EXPUNGING CONVICTION *NUNC PRO***
17            (Former) Defendant.     )   ***TUNC* TO OCTOBER 18, 1987**
    ——————————————————— )
18                                             **HEARING DATE:**
                                            **TIME:**
19                                             **DEPT.:**

20       I, BRUCE L. JENNINGS, declare as follows:

21       1.     I am an adult over the age of eighteen (18) years and am the (Former) Defendant in

22   the above-captioned proceedings. I have personal knowledge of the facts set forth herein and if

23   called to testify, could and would testify competently thereto.

24       2.     In April of 1985, I was charged with an Information arising out of an assault against

25   my then wife, Janice Kay Jennings. From the time of those proceedings through this year, I was and

26   am engaged in the firearms business as the sole shareholder of B.L.Jennings, Inc.

27

28

    H:\SABALOS\JENNINGS V ASHCROFT\JENNINGS CORRECTION DEC.wpd              1
      **DECLARATION OF BRUCE L. JENNINGS IN SUPPORT OF MOTION TO CORRECT ORDER**

3.    In 1985, through my then counsel, I accepted a plea of nolo contendere to a misdemeanor. It was my understanding that if I entered the nolo contendere plea for the offense of assault likely to produce great bodily harm ( a misdemeanor), that I would be placed on limited supervised probation for two (2) years; In addition, I would: (1) serve a ninety (90) day jail term in the County Jail; (2) violate no law; (3) report to the Probation Officer, as directed; (4) comply with the rules of the Probation Officer; (5) pay restitution, and (6) pay an appropriate fine.

4.    It was also my understanding that the Court would withhold Pronouncement of Judgment during my probationary period; and, that if I successfully complied with the Court's conditions, I would not have a conviction for the offense after October 18, 1987. Attached hereto and incorporated into my Declaration as Exhibit A is a true and correct copy of the Order entered by the Honorable Judge Clifton L. Allen on October 17, 1985, in which "Pronouncement of Judgment [was] withheld" on a misdemeanor. Attached and incorporated into my Declaration as Exhibit B is a true and correct copy of the October 17, 1985 "Probation Officer's Recommendation" to the Court concerning my sentencing.

5.    From the date I successfully completed my probation on October 17, 1987, I continued to conduct my national firearms distribution business, B.L. Jennings, Inc. I was at all times under the impression and belief that I did not have a criminal conviction because I had successfully completed probation and pronouncement of judgment had been withheld.

6.    In or around early 1999, I received notice from the BATF (responsible federal agency for firearms licensing), that it had determined that I had a conviction and that it was a ground to revoke or otherwise not renew my company's firearms license.

7.    I consulted with counsel in 1999 and was advised that although I had successfully completed probation and pronouncement of judgment had been withheld, I needed to obtain an order from the Court, *Nunc Pro Tunc*, to obtain official expungement. I was informed and believed that the expungement provision I was entitled to relief under contained, in October of 1987, no firearms prohibition restrictions whatsoever. Accordingly, I requested that my then attorney obtain that relief for me.

**DECLARATION OF BRUCE L. JENNINGS IN SUPPORT OF MOTION TO CORRECT ORDER**

EXHIBIT F PAGE 2

8.     In September of 1999, after consultation with all appropriate authorities, my counsel sought and obtained expungement relief on my behalf in the Superior Court of San Bernardino. My counsel prepared the "Order Expunging Conviction *Nunc Pro Tunc* to October 18, 1987." The Order signed by the Court on September 23, 1999 is attached and incorporated herein for all purposes as Exhibit C.

9.     Despite the *Nunc Pro Tunc* Order expunging my record as of October 18, 1987, the BATF has persisted in proceedings to revoke my license. I am informed and believe that BATF has contended that the Order signed on September 23, 1999 (Exhibit C) refers to California *Penal Code* Section 1203.4(a), which in 1987 did contain a firearms prohibition. Apparently, while preparing the Order, my counsel (or the Court) inadvertently entered the Order pursuant to Section 1203.4(a), rather than pursuant to Section 1203.4a. Section 1203.4a did not contain a firearms restriction and that was the relief I had specifically sought. Attached hereto as Exhibit D to my Declaration is a true and correct copy of the *Penal Code* provisions under Section 1203.4 and 1203.4a as that law existed in 1987, the time period for which I was entitled to relief. As Section 1203.4a reflects, there was no firearms restriction under this expungement Section of the Penal Code, which is what I thought I had sought expungement under and obtained. This was the relief I had sought. An evident clerical error has undermined that relief.

10.     I seek relief from this Court to correct a clerical error that persists and continues to threaten my livelihood. I have honored all of my commitments to the Court, to my former spouse, to our children and to society. I have remained a good citizen since that time and I now seek the Court's intercession to allow me to continue in the profession of my choice so that I may meet my economic and personal responsibilities to myself and my family. I submit this declaration in support of my motion respectfully asking the Court to correct the typographical error and to enter the identical order *Nunc Pro Tunc* pursuant to Penal Code Section 1203.4a and not 1203.4(a).

Executed on December 8, 2005 at *PORT ORANGE, FL*            .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

BRUCE L. JENNINGS, Declarant

F:\KARALO\JUENNINGS V ASHCROFT\JENNINGS CORRECTION DEC.wpd            3
**DECLARATION OF BRUCE L. JENNINGS IN SUPPORT OF MOTION TO CORRECT ORDER**

Exhibit "A"

EXHIBIT F PAGE 4

MI TE ORDER — BA

ACIS CASE NO. F 00 337.27
CASE NO. OCR 10512   JUDGE Clifton L. Allen   COUNSEL:
DEPT: 1-ONT   CLERK: Susan Aldny
BAILIFF: R. P. Coyle
REPORTER: Dorota Van Gustiau

DATE: 10/17/85   TIME: 1:30 P.M.

D. Goodrich
S. Porter
R. La Cour
Deputy Probation Officer

CASE TITLE: People vs Bruce Jennings 001
CASE CUSTODY: OR

NATURE OF PROCEEDINGS  ☐ MOTION FOR NEW TRIAL  ☐ PROBATIONARY HEARING
☑ PRONOUNCEMENT OF JUDGMENT  ☐ CERTIFIED UNDER SECTION 859a P.C.
☐ DISPOSITION OF REMAINING COUNT(S)

CONVICTED CHARGES  PC 245a. (Mid.)

92  ☐ Defendant's motion for new trial is  ☐ (A) Heard  ☐ (B) Submitted  ☐ (C) Denied  ☐ (D) Granted
35D  ☐ Court gives Defendant P.C. 987.8 advisal  5 ☐ Public Defender appointed.
_____ appearing  6 ☐ Attorney_____
☐ (A) Retained  ☐ (B) Appointed  ☐ (C) Present  ☐ (D) Clerk to notify
276  ☐ Criminal proceedings are suspended and Defendant placed in Department of Corrections Diagnostic
Facility for a period not to exceed 90 days pursuant to Section 1203.03 P.C.
20V  ☐ Referred to Probation for Supplemental Report.
23  ☑ Defendant  ☑ (B) Waives Probation Referral  ☐ (C) Requests immediate sentencing.
☐ Court accepts waiver and fixes this as time for sentence
SCPRB ☐ Probation Hearing Held
15  ☐ Defendant waives statutory time for  ☐ (A) Trial  ☐ (B) Sentencing
☐ Defendant is informed of the elements of the charge(s)  ☐ Factual basis established
SCARB  ☐ Per Plea Agreement (People vs West)  ☐ Court finds Boykin & Tahl Rules complied with
11 C  ☑ Defendant waives formal arraignment for Pronouncement of Judgment
☐ The Court has read and considered the Probation Officer's report
☑ Counsel indicate no legal cause why Judgment should not now be pronounced
763  ☐ Probation denied and the Court states reasons
265A  ☐ Defendant is committed to State Prision for the term prescribed by Law.
289  ☐ Defendant is committed to State Prision for a total determinate period of _____
_____ (itemized as attached and made a part hereof)
_____ of provisions of P.C. 1170(d).
293  ☐ Court recommends sentence pursuant to provisions of P.C. 1170(d).
265D  ☐ Defendant is committed to California Youth Authority
267  ☐ Defendant is sentenced to San Bernardino County Jail for a period of _____
396  ☐ With Credit for_____ served.( _____ actual + _____ conduct)
273  ☐ Counts _____ to run  ☐ (A) Consecutively / ☐ (B) Concurrently with _____
274  ☐ Sentence to run  ☐ (A) Consecutively / ☐ (B) Concurrently with _____
294  ☐ (A) Execution/Imposition of _____ is suspended.
269  ☐ Pursuant to Section 17 P.C. Offense is deemed to be a Misdemeanor.
270  ☑ Pronouncement of Judgment withheld as  ☑ (A) Misdemeanor  ☐ (B) Felony
271  ☑ Limited supervision probation granted for a period of 02 years on following terms and
conditions (see attached)  96 ☑ Defendant accepts probation and  ☑ (A) Is given a copy of the
terms and conditions  ☐ (D) Will receive a copy of the terms and conditions
363  ☐ Stay of execution of sentence is granted, defendant to surrender on _____
at _____ in Court _____ in Dept. _____ for remand to Custody.
202  ☐ On Motion of People, Counts _____ are dismissed  ☐ (A) In the furtherance of Justice
☐ (B) Per Plea Agreement  ☐ (C) Insufficient evidence  ☐ (D) _____
283  ☐ The Court fully advises Defendant of his  ☐ (A) Appeal Rights  ☐ (B) Parole Rights
107  ☐ The Court finds Defendant is  ☐ (A) Able  ☐ (D) Unable to reimburse the County for attorney
fees _____
24  ☐ Defendant fails to appear as previously ordered.
25E  ☐ Bench Warrant ordered recalled   30E ☐ Bail/Bond exonerated
25A  ☐ Bench Warrant ordered issued   30L ☐ Bail/Bond forfeited
25B ☐ Held until _____   25D ☐ Bail fixed at $ _____
310  ☐ Pursuant to G.C. 13967, Court finds  ☐ (A) IS / ☐ (B) IS NOT a violent crime
☐ (C) FEE / ☐ (D) NO FEES ASSESSED.
230  ☐ Defendant ordered to  ☐ (A) Report to Probation Officer  ☐ (B) Appear on hearing date
30  ☐ Defendant  ☐ (A) Remanded  ☐ (D) Released  ☐ (E) Bail/Bond exonerated.
276  ☐ Referred to Probation Office for report and determination of credit for time served
9A  ☐ Action continued to _____ at _____ in Court _____ in Dept. _____
32  ☐ Defendant surrenders to the Hilton on the U.S.

DISTRIBUTION: Pink — File
White — System Copy
Yellow — Facility Copy

RE: BRUCE JENNINGS, 27 CFR PART 178, ET. SEQ.

EXHIBIT F PAGE 5

Exhibit "B"

EXHIBIT _F_ PAGE _6_

October 17, 1985

OCR 10512 JENNINGS, BRUCE

It is therefore respectfully

PROBATION OFFICER'S RECOMMENDATION:

recommended that Pronouncement of Judgment be withheld for the offense of Assault with a Deadly Weapon with Force Likely to Produce Great Bodily Injury, in violation of Section 245(a) of the Penal Code, a Misdemeanor, and the defendant, Bruce Jennings, be granted Limited Supervised Probation for a period of two (2) years under the following terms and conditions:

THAT THE DEFENDANT SHALL:

1.  Serve ninety (90) days in the San Bernardino County Jail with credit for time served, a matter of zero (0) days and without the possibility of parole. _ to 11-4-85 7:00P.m.

2.  Violate no law.

3.  Report to the Probation Officer as directed.

4.  Keep the Probation Officer informed of place of residence at all times and give written notice to the Probation Officer twenty-four (24) hours prior to moving.

5.  Make restitution to the victim in an amount and at a rate to be determined by the Probation Officer and to be ordered by the Court, to be paid through the County Probation Officer, first payment to begin thirty (30) days after Restitution is determined.

6.  Pay a fine of $1,730.00 ($1,000.00 fine + $700.00 assessment + $30.00 collection fee) through the County Probation Officer at the rate of $50.00 per month, first payment to begin ninety (90) days after release from custody.

EXHIBIT F PAGE 7

Exhibit "C"

EXHIBIT F 8

STUART A. HOLMES
ATTORNEY AT LAW
STATE BAR NUMBER 91018
250 WEST FIRST STREET
SUITE 312
CLAREMONT, CALIFORNIA 91711-4740
(909) 621-5886
FAX (909) 625-3038

ATTORNEY FOR DEFENDANT

FILED
San Bernardino County Clerk

SEP 2 3 1999

By Julie Brizuela
                    Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO

THE PEOPLE OF THE STATE ) CASE NO. OCR 10512
OF CALIFORNIA, )
                Plaintiff, ) ORDER EXPUNGING CONVICTION
                            ) *NUNC PRO TUNC* TO OCTOBER 18, 1987
    v.                      )
                            )
BRUCE JENNINGS,             )
        Petitioner/Defendant. )

TO: THE ABOVE NAMED PETITIONER, HIS COUNSEL OF RECORD, DENNIS STOUT,
DISTRICT ATTORNEY SAN BERNARDINO COUNTY, THE PROBATION DEPARTMENT OF
SAN BERNARDINO COUNTY, AND TO THE CALIFORNIA STATE DEPARTMENT OF JUSTICE

The Petition filed by his counsel in the above referenced matter came on for hearing on this date.

The court makes the following FINDINGS:

    1. Notice of this petition has been given as required by law.

    2. The statutory fee of $60.00 has been paid by the petitioner.

    3. Probation in this matter terminated on October 18, 1987.

    4. That this matter was reduced to a misdemeanor pursuant to California Penal Code
Section 17(b)(4) on October 17, 1985.

    5. It appears to the court from the foregoing petition and from the records on file in this

1

ORDER EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987
OCR 10512

EXHIBIT E page 9

A-058

1   case that the petitioner is eligible for relief as provided in California Penal Code Section 1203.4

     IT IS HEREBY ORDERED that the plea of nolo contendere in the above entitled action be set

2   aside, a plea of NOT GUILTY be entered and the misdemeanor case against the defendant be dismissed.

3        IT IS FURTHER ORDERED that the relief granted to the petitioner in accordance with

4   California Penal Code Section 1203.4(a) be entered *nunc pro tunc* to October 18, 1987.

5        IT IS FURTHER ORDERED the defendant is required to disclose the fact of this misdemeanor

6   conviction in response to any direct question contained in any questionnaire or application for public

7   office, for licensure by any state or local agency, or for contracting with the California State Lottery.

8        IT IS FURTHER ORDERED that pursuant to California Penal Code Sections 11117 and 13151,

9   that the State of California Department of Justice be notified of the terms of this order by the clerk of

10  this court.

11

12  SO ORDERED.

        SEP  2 3 1999

13  DATED:

14                            MARY E. FULLER, JUDGE

15                         MARY FULLER

                       Judge of the Superior Court

16

17

18

19

20

21

22

23

24

25

26                          2

27  ORDER EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987

28  OCR 10512

                    EXHIBIT F PG 10

EXHIBIT __E__ PAGE 11

Exhibit "D"

WEST'S

# PENAL CODE

## 1988 Compact Edition
### Supersedes 1987 Compact Edition

*With Selected Penal Provisions From Business
and Professions Code, Health and Safety Code,
Vehicle Code, and Welfare and Institutions Code*

CODES

# OFFICIAL CLASSIFICATION

Includes laws through the 1987
portion of the 1987–1988 Regular Session

terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he or she has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense. Any terms ordered to be served consecutively shall be served as otherwise provided by law.

In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court may be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case. *(Added by Stats. 1941, c. 645, § 1. Amended by Stats. 1943, c. 321, § 1; Stats. 1963, c. 2079, § 1; Stats. 1976, c. 376, § 1; Stats. 1980, c. 1117, § 10; Stats. 1987, c. 828, § 76.)*

**Validity.** This section was held invalid in Hayes v. Superior Court of San Bernardino County (1971) 98 Cal.Rptr. 449, 490 P.2d 1137, 6 C.3d 216, appeal dismissed, decision denied 92 S.Ct. 2048, 406 U.S. 940, 32 L.Ed.2d 328.

**Cross References**

Sex offenders, failure to register with local law enforcement agency, revocation of parole or probation, see § 290.

**§ 1203.3. Probation; revocation, modification, or termination; change of order respecting sentence; discharge of probationer; escape, time of revocation; hearing for justification of revocation**

(a) The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. It may-at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation, and discharge the person so held, but no order shall be made without written notice first given by the court or the clerk thereof to the proper probation officer of the intention to revoke, modify, or change its order, and in all cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections.

(b) If a probationer is ordered to serve time in jail, and the probationer escapes while serving that time, the probation is revoked as a matter of law on the day of the escape.

(c) If probation is revoked under this section, upon taking the probationer into custody, the probationer shall be accorded a hearing or hearings consistent with the holding in the case of People v. Vickers, 8 Cal.3d 451. The purpose of that hearing or hearings is not to revoke probation, as the revocation has occurred as a matter of law in accordance with this section, but rather to afford the defendant an opportunity to require the prosecution to establish that the alleged violation did in fact occur and to justify the revocation. *(Added by Stats. 1935, c. 604, § 4. Amended by Stats.1937, c. 511, § 2: Stats. 1986, c. 850, § 1.)*

**Cross References**

Proceedings on revocation, see § 1203.2.

**§ 1203.4. Discharged petitioner; change of plea or vacation of verdict; dismissal of charge; release from penalties and disabilities; certificate of rehabilitation and pardon; application; pleading prior conviction in prosecution for subsequent offense; disclosure; firearms; reimbursement of city and county; notice of petition for relief**

(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing; however, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office or for licensure by any state or local agency.

Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or

EXHIBIT F page 13

have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Section 12021.

This subdivision shall apply to all applications for relief under this section which are filed on or after November 23, 1970.

(b) Subdivision (a) of this section does not apply to any misdemeanor which is within the provisions of subdivision (b) of Section 42001 of the Vehicle Code, or to any infraction.

(c) A person who petitions for a change of plea or setting aside of a verdict under this section may be required to reimburse the county for the cost of services rendered at a rate to be determined by the county board of supervisors not to exceed sixty dollars ($60), and to reimburse any city for the cost of services rendered at a rate to be determined by the city council not to exceed sixty dollars ($60). Ability to make this reimbursement shall be determined by the court using the standards set forth in paragraph (2) of subdivision (f) of Section 987.8 and shall not be a prerequisite to a person's eligibility under this section. The court may order reimbursement in any case in which the petitioner appears to have the ability to pay, without undue hardship, all or any portion of the cost for services established pursuant to this subdivision.

(d) No relief shall be granted under this section unless the prosecuting attorney has been given 15 days' notice of the petition for relief. The probation officer shall notify the prosecuting attorney when a petition is filed, pursuant to this section.

It shall be presumed that the prosecuting attorney has received notice if proof of service is filed with the court.

(e) If, after receiving notice pursuant to subdivision (d), the prosecuting attorney fails to appear and object to a petition for dismissal, the prosecuting attorney may not move to set aside or otherwise appeal the grant of that petition. *(Added by Stats.1935, c. 604, § 5. Amended by Stats.1941, c. 1112, § 1; Stats.1951, c. 183, § 1; Stats. 1961, c. 1735, § 1; Stats.1967, c. 1271, § 1; Stats.1970, c. 539, § 1; Stats.1971, c. 333, § 1; Stats.1976, c. 434, § 1; Stats.1978, c. 911, § 1; Stats.1979, c. 199, § 6; Stats. 1983, c. 1118, § 1; Stats.1985, c. 1472, § 1.)*

### Cross References

Act punishable in different ways, effect of acquittal or conviction, see § 654.

Bar of foreign conviction or acquittal, see § 656.

Civil and political rights of citizenship, restoration, see § 4852.01 et seq.

Conviction, acquittal or jeopardy, bar to subsequent prosecution, see § 1023.

Conviction or acquittal in other state or country, see § 793.

Disbarment notwithstanding order under this section, see Business and Professions Code § 6102.

Effect of termination of probation and dismissal of accusation, see Education Code §§ 44001, 87008.

Evidence of prior felony conviction for impeachment, see Evidence Code § 788.

Health facilities licensing, conviction of crime defined, see Health and Safety Code § 1265.2.

Infamous crime, embezzlement or misappropriation of public moneys, loss of voting rights, see Const. Art. 2, § 4.

Mineral, oil and gas licenses, suspension or revocation notwithstanding order under this section, see Business and Professions Code § 10562.

Pardon, see § 4852.01 et seq.

Physicians, suspension or revocation of license notwithstanding order under this section, see Business and Professions Code §§ 2236, 2237.

Psychologists license suspension or revocation unaffected by proceedings under this section, see Business and Professions Code § 2963.

Real estate license, suspension or revocation notwithstanding order under this section, see Business and Professions Code § 10177.

Rehabilitation certificate, see § 4852.01 et seq.

School employee convicted of sex offense, effect of this section, see Education Code §§ 44009, 87009.

Vehicle Code, dismissal pursuant to this section immaterial, see Vehicle Code § 13555.

Withdrawal of guilty plea, court's authority to permit, see § 1018.

## § 1203.4a. Misdemeanor sentence served; dismissal of charge; release from penalties and disabilities; subsequent offenses; reimbursement of city and county

(a) Every defendant convicted of a misdemeanor and not granted probation shall, at any time after the lapse of one year from the date of pronouncement of judgment, if he or she has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense and is not under charge of commission of any crime and has, since the pronouncement of judgment, lived an honest and upright life and has conformed to and obeyed the laws of the land, be permitted by the court to withdraw his or her plea of guilty or nolo contendere and enter a plea of not guilty; or if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusatory pleading against said defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted, except as provided in Section 13555 of the Vehicle Code. The defendant shall be informed of the provisions of this section, either orally or in writing, at the time he or she is sentenced. The defendant may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if relief had not been granted pursuant to this section.

This subdivision applies to convictions which occurred before as well as those occurring after, the effective date of this section.

(b) Subdivision (a) does not apply to any misdemeanor falling within the provisions of subdivision (b) of Section 42001 of the Vehicle Code, or to any infraction.

(c) A person who petitions for a dismissal of a charge under this section may be required to reimburse the county for the cost of services rendered at a rate to be determined by the county board of supervisors not to exceed sixty dollars ($60), and to reimburse any city for the cost of services rendered at a rate to be determined by the city council not to exceed sixty dollars ($60). Ability to make this reimbursement shall be determined by the court using the standards set forth in paragraph (2) of subdivision (f) of Section 987.8 and shall not be a


E 14

prerequisite to a person's eligibility under this section. The court may order reimbursement in any case in which the petitioner appears to have the ability to pay, without undue hardship, all or any portion of the cost for services established pursuant to this subdivision. *(Added by Stat. 1963, c. 1647, § 1. Amended by Stats.1965, c. 465, § 1; Stats.1965, c. 1324, § 1; Stat. 1967, c. 1271, § 2; Stats.1969, c. 9, § 1; Stat. 1978, c. 911, § 2; Stats. 1981, c. 714, § 331; Stats.1983, c. 1118, § 2.)*

**Cross References**

Effect of termination of probation and dismissal on motor vehicle license suspension or revocation, see Vehicle Code § 13555.

Fines and penalties for infractions and special misdemeanors see Vehicle Code § 42001.

Nolo contendere plea, effect, see § 1016.

**§ 1203.45. Certain misdemeanor convictions; sealing of records**

(a) In any case in which a person was under the age of 18 years at the time of commission of a misdemeanor and is eligible for, or has previously received, the relief provided by Section 1203.4 or 1203.4a, that person, in a proceeding under Section 1203.4 or 1203.4a, or a separate proceeding, may petition the court for an order sealing the record of conviction and other official records in the case, including records of arrests resulting in the criminal proceeding and records relating to other offenses charged in the accusatory pleading, whether defendant was acquitted or charges were dismissed. If the court finds that the person was under the age of 18 at the time of the commission of the misdemeanor, and is eligible for relief under Section 1203.4 or 1203.4a or has previously received such relief, it may issue its order granting the relief prayed for. Thereafter the conviction, arrest, or other proceeding shall be deemed not to have occurred, and the petitioner may answer accordingly any question relating to their occurrence.

(b) This section applies to convictions which occurred before, as well as those which occur after, the effective date of this section.

(c) This section shall not apply to offenses for which registration is required under Section 290, to violations of Division 10 (commencing with Section 11000) of the Health and Safety Code, or to misdemeanor violations of the Vehicle Code relating to operation of a vehicle or of any local ordinance relating to operation, standing, stopping, or parking of a motor vehicle.

(d) This section does not apply to a person convicted of more than one offense, whether the second or additional convictions occurred in the same action in which the conviction as to which relief is sought occurred or in another action, except in the following cases:

(1) One of the offenses includes the other or others.

(2) The other conviction or convictions were for the following:

(i) Misdemeanor violations of Chapters 1 (commencing with Section 21000) to 9 (commencing with Section 22500), inclusive, or Chapters 12 (commencing with Section 23100) to 14 (commencing with Section 23340),

inclusive, of Division 11 of the Vehicle Code, other than Section 23103, 23104, 23152, 23153, or 23220.

(ii) Violation of any local ordinance relating to the operation, stopping, standing, or parking of a motor vehicle.

(3) The other conviction or convictions consisted of any combination of paragraphs (1) and (2).

(e) This section shall apply in any case in which a person was under the age of 21 at the time of the commission of an offense as to which this section is made applicable if that offense was committed prior to March 7, 1973.

(f) In any action or proceeding based upon defamation, a court, upon a showing of good cause, may order any records sealed under this section to be opened and admitted into evidence. The records shall be confidential and shall be available for inspection only by the court, jury, parties, counsel for the parties, and any other person who is authorized by the court to inspect them. Upon the judgment in the action or proceeding becoming final, the court shall order the records sealed.

(g) A person who petitions for an order sealing a record under this section may be required to reimburse the county for the cost of services rendered at a rate to be determined by the county board of supervisors not to exceed sixty dollars ($60), and to reimburse any city for the cost of services rendered at a rate to be determined by the city council not to exceed sixty dollars ($60). Ability to make this reimbursement shall be determined by the court using the standards set forth in paragraph (2) of subdivision (f) of Section 987.8 and shall not be a prerequisite to a person's eligibility under this section. The court may order reimbursement in any case in which the petitioner appears to have the ability to pay, without undue hardship, all or any portion of the cost for services established pursuant to this subdivision. *(Added by Stat. 1961, c. 2054, § 1. Amended by Stat. 1965, c. 1856, § 1; Stats.1965, c. 1910, § 1; Stats.1967, c. 1373, § 2; Stats.1970, c. 497, § 2; Stats.1972, c. 579, § 38; Stats. 1974, c. 401, § 2; Stat. 1982, c. 53, § 10; Stats.1983, c. 1118, § 3.)*

**Validity.** This section was held invalid in People v. Ryser (1974) 114 Cal.Rptr. 668, 40 C.A.3d 1; McMahon v. Municipal Court of Burbank Judicial Dist. Los Angeles County (1970) 85 Cal.Rptr. 782, 6 C.A.3d 194.

Construction of Stats.1982, c. 53, see note under Health & S. C. § 11837.

**Cross References**

Notice to officers and agents by bureau of criminal identification that record of minor has been sealed, see § 11105.5.

Petition to seal court records by a person arrested for misdemeanor while a minor, grounds, see § 851.7.

**§ 1203.5. Probation officers; officers appointed under juvenile court law as ex officio adult probation officers; exception**

The offices of adult probation officer, assistant adult probation officer, and deputy adult probation officer are hereby created. The probation officers, assistant probation officers, and deputy probation officers appointed in accordance with Chapter 2 (commencing with Section

F 15

Title 2

advertising device, to advertise the sale of any weapon or device whose possession is prohibited by Section 12020. (Added by Stats 1976, c. 1127, § 1.)

§ 12021. Concealable firearms; prohibited ownership or possession; offense; punishment; exceptions

(a) Any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, or of an offense enumerated in Section 12001.6, or who is addicted to the use of any narcotic drug, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punishable by imprisonment in the state prison, or in a county jail not exceeding one year or by a fine not exceeding one thousand dollars ($1,000), or by both.

(b) Notwithstanding the provisions of subdivision (a), any person who has been convicted of a felony or of an offense enumerated in Section 12001.6, when such conviction results from certification by the juvenile court for prosecution as an adult in an adult court under the provisions of Section 707 of the Welfare and Institutions Code, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense and shall be punishable by imprisonment in the state prison, or in a county jail not exceeding one year or by a fine not exceeding one thousand dollars ($1,000), or by both.

(c) Subdivision (a) shall not apply to a person who has been convicted of a felony under the laws of the United States unless:

(1) Conviction of a like offense under California law can only result in imposition of felony punishment; or

(2) The defendant was sentenced to a federal correctional facility for more than 30 days, or received a fine of more than one thousand dollars ($1,000), or received both such punishments. (Added by Stats.1953, c. 36, § 1. Amended by Stats.1965, c. 931, § 1; Stats.1970, c. 1345, § 1; Stats.1974, c. 1197, § 1; Stats.1976, c. 1139, § 303; Stats.1982, c. 136, § 6; Stats.1983, c. 1092, § 326.5.)

Cross References

Felony, defined, see § 17.
Findings of jury as to charge of being armed with weapon, see § 1158a.
Firearms, deadly weapons or explosives, bringing into prison, prison road camp or jail, see § 4574.
Firearms capable of being concealed on person, see § 12001.
Misdemeanor violation of this section while committing act relative to threatening crime victim, witness or informant; punishment, see § 140.
Nuisance,
   Blackjacks, slungshots, billies, sandclubs, sandbags and metal knuckles, etc., see § 12029.
   Unlawful carrying on person or within vehicle of dirk, dagger, pistol or firearm capable of being concealed on person, see § 12028.
Possession of deadly weapon by prisoner, see § 4502.
Public offense, defined, see § 15.
Receipt for weapon taken from prisoner, see § 4003.
Residence or place of business, persons permitted to keep pistol, revolver or firearms at, see § 12026.

Retention of title of firearms or ammunition acquired by bequest or intestate succession, see § 12020.
Right to possess firearms after pardon based upon certificate of rehabilitation, see § 4852.17.
Youth Authority institutions, bringing into or within grounds firearms, weapons or explosives, see Welfare and Institutions Code § 1001.5.

§ 12021.1. Concealable firearms; prior conviction of certain violent offenses; prohibited ownership or possession; offense; punishment; condition of probation or suspension of imposition or execution of sentence

(a) Notwithstanding the provisions of subdivision (a) of Section 12021, any person who has been previously convicted of any of the offenses listed in subdivision (b) and who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punishable by imprisonment in a county jail for at least six months and not exceeding one year, or by imprisonment in the state prison. If probation is granted, or if the imposition or execution of sentence is suspended, it shall be a condition of the probation or suspension that the defendant serve at least six months in a county jail.

(b) As used in this section, a violent offense includes any of the following:

(1) Murder or voluntary manslaughter.

(2) Mayhem.

(3) Rape.

(4) Sodomy by force, violence, duress, menace, or threat of great bodily harm.

(5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm.

(6) Lewd acts on a child under the age of 14 years.

(7) Any felony punishable by death or imprisonment in the state prison for life.

(8) Any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, which has been charged and proven, or any felony in which the defendant uses a firearm which use has been charged and proven.

(9) Attempted murder.

(10) Assault with intent to commit rape or robbery.

(11) Assault with a deadly weapon or instrument on a peace officer.

(12) Assault by a life prisoner on a noninmate.

(13) Assault with a deadly weapon by an inmate.

(14) Arson.

(15) Exploding a destructive device or any explosive with intent to injure.

(16) Exploding a destructive device or any explosive causing great bodily injury.

(17) Exploding a destructive device or any explosive with intent to murder.

(18) Robbery.

F 16

Exhibit "G"

1  James C. Sabalos, Esq.
   CA Bar No. 182545
2  Nevada Bar No. 8649
   LAW OFFICE OF JAMES C. SABALOS
3  4400 MacArthur Blvd., Suite 230
   Newport Beach, CA 92660
4  Tel: (949) 442-8942; Fax: (949) 442-8949
   Cell:   (949) 355-6084
5
   Attorney for Former Defendant,
6  BRUCE L. JENNINGS

7

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

DEC 0 8 2005

BY _Christine Dishing_
                    DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN BERNARDINO

10

11  THE PEOPLE OF THE STATE OF           )    CASE NO. OCR 10512
    CALIFORNIA,                          )
12                                       )
                   Plaintiffs,           )    [PROPOSED] CORRECTED ORDER
13                                       )    EXPUNGING CONVICTION *NUNC*
    v.                                   )    *PRO TUNC* TO OCTOBER 18, 1987
14                                       )
    BRUCE JENNINGS,                      )
15                                       )
             Petitioner/Former Defendant. )
16  _____)

17  TO: THE ABOVE NAMED PETITIONER, HIS COUNSEL OF RECORD, THE DISTRICT

18  ATTORNEY OF SAN BERNARDINO COUNTY, THE PROBATION DEPARTMENT OF SAN

19  BERNARDINO COUNTY, AND TO THE CALIFORNIA STATE DEPARTMENT OF JUSTICE

20       The original Petition filed by Defendant's counsel in the above-referenced matter came on for

21  hearing on September 23, 1999. The Motion To Correct Typographical Error in Order Expunging

22  Conviction *Nunc Pro Tunc* to October 18, 1987 by Former Defendant, Bruce Jennings, in the above-

23  referenced matter came on for hearing on _____, 2005.

24       Having read and considered the pleadings, records and files in this matter,

25       The Court makes the following FINDINGS:

26       1.      Notice of the original petition has been given as required by law. Notice of the Motion

27  to Correct Typographical Error by Former Defendant, Bruce Jennings, has been given as required by

28  law.                                                    EXHIBIT G PAGE 1

G:\SABALOS\JENNINGS V ASHCROFT\CORRECTED NUNC PRO TUNC PROP ORDER.wpd ]
          CORRECTED ORDER EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987

1       2.    The statutory fee of $60.00 was previously paid by the petitioner.

2       3.    Probation in this matter terminated on October 18, 1987.

3       4.    That this matter was reduced to a misdemeanor pursuant to California *Penal Code*

4   Section 17(b)(4) on October 17, 1985.

5       5.    It appears to the Court from the foregoing petition and motion and from the records on

6   file in this case that the petitioner, moving party, Bruce Jennings, is eligible for relief as provided in

7   California *Penal Code* Section 1203.4a.

8       IT IS HEREBY ORDERED that the plea of nolo contendere in the above entitled action be set

9   aside, a plea of NOT GUILTY be entered and the misdemeanor case against the defendant be

10  dismissed.

11      IT IS FURTHER ORDERED that the relief granted to the petitioner in accordance with

12  California *Penal Code* Section 1203.4a be entered *nunc pro tunc* to October 18, 1987, under the

13  statute and law that existed on October 18, 1987, to wit: Section 1203.4a of the California *Penal*

14  *Code.*

15      IT IS FURTHER ORDERED the defendant is required to disclose the fact of this misdemeanor

16  conviction in response to any direct question contained in any questionnaire or application for public

17  office, for licensure by any state or local agency, or for contracting with the California State Lottery.

18      IT IS FURTHER ORDERED that pursuant to California *Penal Code* Sections 11117 and

19  13151, that the State of California Department of Justice be notified of the terms of this order by the

20  clerk of this court.

21      SO ORDERED.

22      DATED:  *12 - 8 - 05*

23

24      Judge of the Superior Court

25

26

27  EXHIBIT __G__ PAGE __2__

28

G:\ABALOS\JENNINGS V ASHCROFT\CORRECTED NUNC PRO TUNC PROP ORDER.wpd 2

CORRECTED ORDER EXPUNGING CONVICTION *NUNC PRO TUNC* TO OCTOBER 18, 1987

Exhibit "H"

1/20/06

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

F I L E D

JAN 2 0 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BRUCE L. JENNINGS; et al., | No. 05-16869 |
| Plaintiffs - Appellants, | |
| v. | D.C. No. CV-03-00284-LRH<br>District of Nevada,<br>Reno |
| ALBERTO R. GONZALES,* in his<br>capacity as Attorney General of the United<br>States; et al., | ORDER |
| Defendants - Appellees. | |

The appellants' request for judicial notice, and the response to the request, and any future request for judicial notice shall be referred to the merits panel for whatever treatment the panel deems appropriate.

The appellants' motion to file an amended opening brief is granted. The opening brief received on November 22, 2005 shall be discarded. On or before February 21, 2006, the appellants shall file an original and 15 copies of the amended opening brief.

EXHIBIT  H  PAGE  1

---

*      Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

No. 05-16869

The answering brief is due March 23, 2006.  The optional reply brief is due

14 days after the service of the answering brief.

For the Court:

CATHY A. CATTERSON
Clerk of the Court

Grace S. Santos
Deputy Clerk
Ninth Circuit Rule 27-7/Advisory Note to Rule 27
  and Ninth Circuit 27-10

Pro 1.16

EXHIBIT __H__ PAGE __2__

2

Exhibit "I"

JUDGMENT AND EXECUTION

§ 1203.2a

terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he or she has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense. Any terms ordered to be served consecutively shall be served as otherwise provided by law.

In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case. *(Added by Stats 1941, c. 645, § 1. Amended by Stats 1943, c. 321, § 1; Stats 1963, c. 2079, § 1; Stats 1976, c. 376, § 1; Stats 1980, c. 1117, § 10; Stats 1987, c. 828, § 76.)*

**Validity.** This section was held invalid in Hayes v. Superior Court of San Bernardino County (1971) 98 Cal.Rptr. 449, 490 P.2d 1137, 6 C.3d 216, appeal dismissed, decision denied 92 S.Ct. 2048, 406 U.S. 940, 32 L.Ed.2d 328.

**Cross References**

Sex offenders, failure to register with local law enforcement agency, revocation of parole or probation, see § 290.

§ 1203.3. **Probation; revocation, modification, or termination; change of order respecting sentence; discharge of probationer; escape, time of revocation; hearing for justification of revocation**

(a) The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. It may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation, and discharge the person so held, but no order shall be made without written notice first given by the court or the clerk thereof to the proper probation officer of the intention to revoke, modify, or change its order, and in all cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections.

(b) If a probationer is ordered to serve time in jail, and the probationer escapes while serving that time, the probation is revoked as a matter of law on the day of the escape.

(c) If probation is revoked under this section, upon taking the probationer into custody, the probationer shall be accorded a hearing or hearings consistent with the holding in the case of People v. Vickers, 8 Cal.3d 451. The purpose of that hearing or hearings is not to revoke probation, as the revocation has occurred as a matter of law in accordance with this section, but rather to afford the defendant an opportunity to require the prosecution to establish that the alleged violation did in fact occur and to justify the revocation. *(Added by Stats 1935, c. 604, § 4. Amended by Stats 1937, c. 511, § 2; Stats 1986, c. 850, § 1.)*

**Cross References**

Proceedings on revocation, see § 1203.2.

§ 1203.4. **Discharged petitioner; change of plea or vacation of verdict; dismissal of charge; release from penalties and disabilities; certificate of rehabilitation and pardon; application; pleading prior conviction in prosecution for subsequent offense; disclosure; firearms; reimbursement of city and county; notice of petition for relief**

(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing; however, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office or for licensure by any state or local agency.

Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or

EXHIBIT I PAGE 1

have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Section 12021.

This subdivision shall apply to all applications for relief under this section which are filed on or after November 23, 1970.

(b) Subdivision (a) of this section does not apply to any misdemeanor which is within the provisions of subdivision (b) of Section 42001 of the Vehicle Code, or to any infraction.

(c) A person who petitions for a change of plea or setting aside of a verdict under this section may be required to reimburse the county for the cost of services rendered at a rate to be determined by the county board of supervisors not to exceed sixty dollars ($60), and to reimburse any city for the cost of services rendered at a rate to be determined by the city council not to exceed sixty dollars ($60). Ability to make this reimbursement shall be determined by the court using the standards set forth in paragraph (2) of subdivision (f) of Section 987.8 and shall not be a prerequisite to a person's eligibility under this section. The court may order reimbursement in any case in which the petitioner appears to have the ability to pay, without undue hardship, all or any portion of the cost for services established pursuant to this subdivision.

(d) No relief shall be granted under this section unless the prosecuting attorney has been given 15 days' notice of the petition for relief. The probation officer shall notify the prosecuting attorney when a petition is filed, pursuant to this section.

It shall be presumed that the prosecuting attorney has received notice if proof of service is filed with the court.

(e) If, after receiving notice pursuant to subdivision (d), the prosecuting attorney fails to appear and object to a petition for dismissal, the prosecuting attorney may not move to set aside or otherwise appeal the grant of that petition. *(Added by Stats.1935, c. 604, § 5. Amended by Stats.1941, c. 1112, § 1; Stats.1951, c. 183, § 1; Stats. 1961, c. 1735, § 1; Stats.1967, c. 1271, § 1; Stats.1970, c. 539, § 1; Stats.1971, c. 333, § 1; Stats.1976, c. 434, § 1; Stats.1978, c. 911, § 1; Stats.1979, c. 199, § 6; Stats. 1983, c. 1118, § 1; Stats.1985, c. 1472, § 1.)*

**Cross References**

Act punishable in different ways, effect of acquittal or conviction, see § 654.
Bar of foreign conviction or acquittal, see § 656.
Civil and political rights of citizenship, restoration, see § 4852.01 et seq.
Conviction, acquittal or jeopardy, bar to subsequent prosecution, see § 1023.
Conviction or acquittal in other state or country, see § 793.
Disbarment notwithstanding order under this section, see Business and Professions Code § 6102.
Effect of termination of probation and dismissal of accusation, see Education Code §§ 44008, 87008.
Evidence of prior felony conviction for impeachment, see Evidence Code § 788.
Health facilities licensing, conviction of crime defined, see Health and Safety Code § 1265.2.
Infamous crime, embezzlement or misappropriation of public moneys, loss of voting rights, see Const. Art. 2, § 4.
Mineral, oil and gas licenses, suspension or revocation notwithstanding order under this section, see Business and Professions Code § 10562.
Pardon, see § 4852.01 et seq.
Physicians, suspension or revocation of license notwithstanding order under this section, see Business and Professions Code §§ 2236, 2237.
Psychologists license suspension or revocation unaffected by proceedings under this section, see Business and Professions Code § 2963.
Real estate license, suspension or revocation notwithstanding order under this section, see Business and Professions Code § 10177.
Rehabilitation certificate, see § 4852.01 et seq.
School employee convicted of sex offense, effect of this section, see Education Code §§ 44009, 87009.
Vehicle Code, dismissal pursuant to this section immaterial, see Vehicle Code § 13555.
Withdrawal of guilty plea, court's authority to permit, see § 1018.

**§ 1203.4a. Misdemeanor sentence served; dismissal of charge; release from penalties and disabilities; subsequent offenses; reimbursement of city and county**

(a) Every defendant convicted of a misdemeanor and not granted probation shall, at any time after the lapse of one year from the date of pronouncement of judgment, if he or she has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense and is not under charge of commission of any crime and has, since the pronouncement of judgment, lived an honest and upright life and has conformed to and obeyed the laws of the land, be permitted by the court to withdraw his or her plea of guilty or nolo contendere and enter a plea of not guilty; or if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusatory pleading against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted, except as provided in Section 13555 of the Vehicle Code. The defendant shall be informed of the provisions of this section, either orally or in writing, at the time he or she is sentenced. The defendant may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if relief had not been granted pursuant to this section.

This subdivision applies to convictions which occurred before as well as those occurring after, the effective date of this section.

(b) Subdivision (a) does not apply to any misdemeanor falling within the provisions of subdivision (b) of Section 42001 of the Vehicle Code, or to any infraction.

(c) A person who petitions for a dismissal of a charge under this section may be required to reimburse the county for the cost of services rendered at a rate to be determined by the county board of supervisors not to exceed sixty dollars ($60), and to reimburse any city for the cost of services rendered at a rate to be determined by the city council not to exceed sixty dollars ($60). Ability to make this reimbursement shall be determined by the court using the standards set forth in paragraph (2) of subdivision (f) of Section 987.8 and shall not be a

EXHIBIT I PAGE 2

prerequisite to a person's eligibility under this section. The court may order reimbursement in any case in which the petitioner appears to have the ability to pay, without undue hardship, all or any portion of the cost for services established pursuant to this subdivision. *(Added by Stats 1963, c. 1647, § 1. Amended by Stats 1965, c. 465, § 1; Stats 1965, c. 1324, § 1; Stats 1967, c. 1271. § 2; Stats 1969, c. 9, § 1; Stats 1978, c. 911, § 2; Stats 1981, c. 714, § 331; Stats 1983, c. 1118, § 2.)*

### Cross References

Effect of termination of probation and dismissal on motor vehicle license suspension or revocation, see Vehicle Code § 13555.

Fines and penalties for infractions and special misdemeanors see Vehicle Code § 42001.

Nolo contendere plea, effect, see § 1016.

## § 1203.45. Certain misdemeanor convictions; sealing of records

(a) In any case in which a person was under the age of 18 years at the time of commission of a misdemeanor and is eligible for, or has previously received, the relief provided by Section 1203.4 or 1203.4a, that person, in a proceeding under Section 1203.4 or 1203.4a, or a separate proceeding, may petition the court for an order sealing the record of conviction and other official records in the case, including records of arrests resulting in the criminal proceeding and records relating to other offenses charged in the accusatory pleading, whether defendant was acquitted or charges were dismissed. If the court finds that the person was under the age of 18 at the time of the commission of the misdemeanor, and is eligible for relief under Section 1203.4 or 1203.4a or has previously received such relief, it may issue its order granting the relief prayed for. Thereafter the conviction, arrest, or other proceeding shall be deemed not to have occurred, and the petitioner may answer accordingly any question relating to their occurrence.

(b) This section applies to convictions which occurred before, as well as those which occur after, the effective date of this section.

(c) This section shall not apply to offenses for which registration is required under Section 290, to violations of Division 10 (commencing with Section 11000) of the Health and Safety Code, or to misdemeanor violations of the Vehicle Code relating to operation of a vehicle or of any local ordinance relating to operation, standing, stopping, or parking of a motor vehicle.

(d) This section does not apply to a person convicted of more than one offense, whether the second or additional convictions occurred in the same action in which the conviction as to which relief is sought occurred or in another action, except in the following cases:

(1) One of the offenses includes the other or others.

(2) The other conviction or convictions were for the following:

(i) Misdemeanor violations of Chapters 1 (commencing with Section 21000) to 9 (commencing with Section 22500), inclusive, or Chapters 12 (commencing with Section 23100) to 14 (commencing with Section 23340),

inclusive, of Division 11 of the Vehicle Code, other than Section 23103, 23104, 23152, 23153, or 23220.

(ii) Violation of any local ordinance relating to the operation, stopping, standing, or parking of a motor vehicle.

(3) The other conviction or convictions consisted of any combination of paragraphs (1) and (2).

(e) This section shall apply in any case in which a person was under the age of 21 at the time of the commission of an offense as to which this section is made applicable if that offense was committed prior to March 7, 1973.

(f) In any action or proceeding based upon defamation, a court, upon a showing of good cause, may order any records sealed under this section to be opened and admitted into evidence. The records shall be confidential and shall be available for inspection only by the court, jury, parties, counsel for the parties, and any other person who is authorized by the court to inspect them. Upon the judgment in the action or proceeding becoming final, the court shall order the records sealed.

(g) A person who petitions for an order sealing a record under this section may be required to reimburse the county for the cost of services rendered at a rate to be determined by the county board of supervisors not to exceed sixty dollars ($60), and to reimburse any city for the cost of services rendered at a rate to be determined by the city council not to exceed sixty dollars ($60). Ability to make this reimbursement shall be determined by the court using the standards set forth in paragraph (2) of subdivision (f) of Section 987.8 and shall not be a prerequisite to a person's eligibility under this section. The court may order reimbursement in any case in which the petitioner appears to have the ability to pay, without undue hardship, all or any portion of the cost for services established pursuant to this subdivision. *(Added by Stats 1961, c. 2054, § 1. Amended by Stats 1965, c. 1856, § 1; Stats 1965, c. 1910, § 1; Stats 1967, c. 1373, § 2; Stats 1970, c. 497, § 2; Stats 1972, c. 579, § 38; Stats 1974, c. 401, § 2; Stats 1982, c. 53, § 10; Stats 1983, c. 1118, § 3.)*

**Validity.** This section was held invalid in People v. Ryner (1974) 114 Cal.Rptr. 668, 40 C.A.3d 1; McMahon v. Municipal Court of Burbank Judicial Dist. Los Angeles County (1970) 85 Cal.Rptr. 782, 6 C.A.3d 194.

Construction of Stats.1982, c. 53, see note under Health & S. C. § 11837.

### Cross References

Notice to officers and agents by bureau of criminal identification that record of minor has been sealed, see § 11105.5.

Petition to seal court records by a person arrested for misdemeanor while a minor, grounds, see § 851.7.

## § 1203.5. Probation officers; officers appointed under juvenile court law as ex officio adult probation officers; exception

The offices of adult probation officer, assistant adult probation officer, and deputy adult probation officer are hereby created. The probation officers, assistant probation officers, and deputy probation officers appointed in accordance with Chapter 2 (commencing with Section

advertising device, to advertise the sale of any weapon or device whose possession is prohibited by Section 12020. *(Added by Stats 1976, c. 1127, § 1.)*

§ 12021. Concealable firearms; prohibited ownership or possession; offense; punishment; exceptions

(a) Any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, or of an offense enumerated in Section 12001.6, or who is addicted to the use of any narcotic drug, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punishable by imprisonment in the state prison, or in a county jail not exceeding one year or by a fine not, exceeding one thousand dollars ($1,000), or by both.

(b) Notwithstanding the provisions of subdivision (a), any person who has been convicted of a felony or of an offense enumerated in Section 12001.6, when such conviction results from certification by the juvenile court for prosecution as an adult in an adult court under the provisions of Section 707 of the Welfare and Institutions Code, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense and shall be punishable by imprisonment in the state prison, or in a county jail not exceeding one year or by a fine not exceeding one thousand dollars ($1,000), or by both.

(c) Subdivision (a) shall not apply to a person who has been convicted of a felony under the laws of the United States unless:

(1) Conviction of a like offense under California law can only result in imposition of felony punishment; or

(2) The defendant was sentenced to a federal correctional facility for more than 30 days, or received a fine of more than one thousand dollars ($1,000); or received both such punishments. *(Added by Stats 1953, c. 36, § 1. Amended by Stats 1965, c. 931, § 1; Stats 1970, c. 1345, § 1; Stats 1974, c. 1197, § 1; Stats 1976, c. 1139, § 303; Stats 1982, c. 136, § 6; Stats 1983, c. 1092, § 326.5.)*

**Cross References**

Felony, defined, see § 17.

Findings of jury as to charge of being armed with weapon, see § 1158a.

Firearms, deadly weapons or explosives, bringing into prison, prison road camp or jail, see § 4574.

Firearms capable of being concealed on person, see § 12001.

Misdemeanor violation of this section while committing act relative to threatening crime victim, witness or informant; punishment, see § 140.

Nuisance,

Blackjacks, slungshots, billies, sandclubs, sandbags and metal knuckles, etc., see § 12029.

Unlawful carrying on person or within vehicle of dirk, dagger, pistol or firearm capable of being concealed on person, see § 12028.

Possession of deadly weapon by prisoner, see § 4502.

Public offense, defined, see § 15.

Receipt for weapon taken from prisoner, see § 4003.

Residence or place of business, persons permitted to keep pistol, revolver or firearms at, see § 12026.

Retention of title of firearms or ammunition acquired by bequest or intestate succession, see § 12020.

Right to possess firearms after pardon based upon certificate of rehabilitation, see § 4852.17.

Youth Authority institutions, bringing into or within grounds firearms, weapons or explosives, see Welfare and Institutions Code § 1001.5.

§ 12021.1. Concealable firearms; prior conviction of certain violent offenses; prohibited ownership or possession; offense; punishment; condition of probation or suspension of imposition or execution of sentence

(a) Notwithstanding the provisions of subdivision (a) of Section 12021, any person who has been previously convicted of any of the offenses listed in subdivision (b) and who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punished by imprisonment in a county jail for at least six months and not exceeding one year, or by imprisonment in the state prison. If probation is granted, or if the imposition or execution of sentence is suspended, it shall be a condition of the probation or suspension that the defendant serve at least six months in a county jail.

(b) As used in this section, a violent offense includes any of the following:

(1) Murder or voluntary manslaughter.

(2) Mayhem.

(3) Rape.

(4) Sodomy by force, violence, duress, menace, or threat of great bodily harm.

(5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm.

(6) Lewd acts on a child under the age of 14 years.

(7) Any felony punishable by death or imprisonment in the state prison for life.

(8) Any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, which has been charged and proven, or any felony in which the defendant uses a firearm which use has been charged and proven.

(9) Attempted murder.

(10) Assault with intent to commit rape or robbery.

(11) Assault with a deadly weapon or instrument on a peace officer.

(12) Assault by a life prisoner on a noninmate.

(13) Assault with a deadly weapon by an inmate.

(14) Arson.

(15) Exploding a destructive device or any explosive with intent to injure.

(16) Exploding a destructive device or any explosive causing great bodily injury.

(17) Exploding a destructive device or any explosive with intent to murder.

(18) Robbery.

EXHIBIT I PAGE 4

Exhibit "J"

# ORANGE CO. LAW LIBRARY

## Volume 3

# STATUTES OF CALIFORNIA

## AND DIGESTS OF MEASURES

### 1988

*NOV 13 1991*

Constitution of 1879 as Amended

Measures Submitted to Vote of Electors,
Primary Election, June 7, 1988
and General Election, November 8, 1988

General Laws, Amendments to the Codes, Resolutions,
and Constitutional Amendments passed by the
California Legislature

## 1987–88 Regular Session



*Compiled by*
**BION M. GREGORY**
*Legislative Counsel*

EXHIBIT J  PAGE 1

ADDENDUM 3

[ Ch. 1393

g to the City

h

ws:

hat currently
e for the state
sporting and
nal trials for
state prison.
son who are
ed, must be
cilities in the
a the City of
costs for the
enforcement
st the City of
ly adjacent to
etention costs
he County of

to read:
Department
som for the
to exceed one
costs. Under
ized to make
construction
the city are
cation of the
son.
is authorized
mount not to
l year. These
epartment.
rrections shall
nterests of the
pertaining to
participation

ract with the
the members
esiding judge
esiding judge

137800

of the Sacramento County Superior Court all agree, in writing, to operate a court facility in the City of Folsom as provided by subdivision (a).

---

## CHAPTER 1394

An act to amend Sections 1203.4a, 12021.1, 12073, 12080, and 12305 of, to repeal Sections 12079 and 12306 of, and to repeal and add Section 12077 of, the Penal Code, relating to crime.

[Approved by Governor September 26, 1988. Filed with
Secretary of State September 27, 1988.]

*The people of the State of California do enact as follows:*

SECTION 1.  Section 1203.4a of the Penal Code is amended to read:

1203.4a.  (a) Every defendant convicted of a misdemeanor and not granted probation shall, at any time after the lapse of one year from the date of pronouncement of judgment, if he or she has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense and is not under charge of commission of any crime and has, since the pronouncement of judgment, lived an honest and upright life and has conformed to and obeyed the laws of the land, be permitted by the court to withdraw his or her plea of guilty or nolo contendere and enter a plea of not guilty; or if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusatory pleading against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted, except as provided in Section 12021.1 of this code or Section 13555 of the Vehicle Code. The defendant shall be informed of the provisions of this section, either orally or in writing, at the time he or she is sentenced. The defendant may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if relief had not been granted pursuant to this section.

This subdivision applies to convictions which occurred before as well as those occurring after, the effective date of this section.

(b) Subdivision (a) does not apply to any misdemeanor falling within the provisions of subdivision (b) of Section 42001 of the Vehicle Code, or to any infraction.

(c) A person who petitions for a dismissal of a charge under this section may be required to reimburse the county for the cost of services rendered at a rate to be determined by the county board of

EXHIBIT ___J___ PAGE ___2___

137840

supervisors not to exceed sixty dollars ($60), and to reimburse any city for the cost of services rendered at a rate to be determined by the city council not to exceed sixty dollars ($60). Ability to make this reimbursement shall be determined by the court using the standards set forth in paragraph (2) of subdivision (f) of Section 987.8 and shall not be a prerequisite to a person's eligibility under this section. The court may order reimbursement in any case in which the petitioner appears to have the ability to pay, without undue hardship, all or any portion of the cost for services established pursuant to this subdivision.

SEC. 2.   Section 12021.1 of the Penal Code is amended to read:

12021.1.   (a)  Notwithstanding the provisions of subdivision (a) of Section 12021, any person who has been previously convicted of any of the offenses listed in subdivision (b) and who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punished by imprisonment in a county jail for at least six months and not exceeding one year, or by imprisonment in the state prison. A dismissal of an accusatory pleading pursuant to Section 1203.4a involving an offense set forth in subdivision (b) does not affect the finding of a previous conviction. If probation is granted, or if the imposition or execution of sentence is suspended, it shall be a condition of the probation or suspension that the defendant serve at least six months in a county jail.

(b)  As used in this section, a violent offense includes any of the following:

(1) Murder or voluntary manslaughter.

(2) Mayhem.

(3) Rape.

(4) Sodomy by force, violence, duress, menace, or threat of great bodily harm.

(5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm.

(6) Lewd acts on a child under the age of 14 years.

(7) Any felony punishable by death or imprisonment in the state prison for life.

(8) Any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, which has been charged and proven, or any felony in which the defendant uses a firearm which use has been charged and proven.

(9) Attempted murder.

(10) Assault with intent to commit rape or robbery.

(11) Assault with a deadly weapon or instrument on a peace officer.

(12) Assault by a life prisoner on a noninmate.

(13) Assault with a deadly weapon by an inmate.

(14) Arson.

(15) Exploding a destructive device or any explosive with intent to injure.

(16) Exploding a [ ] great bodily injury.

(17) Exploding a [ ] to murder.

(18) Robbery.

(19) Kidnapping.

(20) Taking of a [ ]

(21) Attempt to [ ] imprisonment in the [ ]

(22) Any felony [ ] dangerous or deadly [ ]

(23) Escape from [ ]

(24) Assault with [ ] bodily injury.

(25) Any attempt [ ] other than an assau [ ]

(26) Any offense [ ]

(c)  Any person [ ] in subdivision (b) [ ] juvenile court for [ ] provisions of Sectio [ ] owns or has in his [ ] control any pistol [ ] concealed upon the [ ] punished by impris [ ] not exceeding one [ ] probation is grante [ ] suspended, it shall [ ] the defendant serv [ ]

(d)  The court sh [ ] subdivisions (a) an [ ] of justice would be [ ] the imposition or [ ] required by subdi [ ] suspending the im [ ] other than those s [ ] the court shall spe [ ] the circumstances [ ] be served by such [ ]

SEC. 3.   Sectio [ ]

12073.   (a)  Ev [ ] otherwise transfer [ ] being concealed [ ] transferor is a re [ ] provided by this [ ] entered the infor [ ]

(b)  This sectio [ ] business intercou [ ] dealers in the rep [ ]

EXHIBIT J PAGE 3                    137570

ADDENDUM 5