**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRUCE L. JENNINGS,**
               **Plaintiff,**

**-vs-**                                                        **Case No. 6:08-cv-833-Orl-31GJK**

**MICHAEL MUKASEY, ATTORNEY**
**GENERAL OF THE UNITED STATES,**
**UNITED STATES ATTORNEY'S OFFICE**
**FOR THE MIDDLE DISTRICT OF**
**FLORIDA, ROBERT O'NEILL, UNITED**
**STATES ATTORNEY FOR THE MIDDLE**
**DISTRICT OF FLORIDA,**
               **Defendants.**

_____

## ORDER

This matter comes before the Court upon consideration of Defendants' Motion to Dismiss (Doc. 20) and Plaintiff's response in opposition thereto (Doc. 23).

**I. Background**

Plaintiff, Bruce L. Jennings, has brought suit seeking, *inter alia*, a judgment from this Court declaring the status of his rights under 18 U.S.C. § 922(g)(9) ("§ 922(g)(9)"), which prohibits the possession of firearms by those convicted of a misdemeanor crime of domestic violence. Specifically, Plaintiff asks this Court to determine whether a 1985 State court conviction for misdemeanor domestic violence prohibits Plaintiff from lawfully possessing a firearm under federal law, notwithstanding the fact that the conviction has been expunged or otherwise set aside by the State court. Because his conviction has been expunged, Plaintiff alleges that 18 U.S.C. §

921(a)(33)(B)(ii) ("§ 921(a)(33)(B)(ii)") excepts him from § 922(g)(9)'s prohibition against firearm possession.[1]

Plaintiff has further alleged that Defendants have threatened him with criminal prosecution if he should decide to possess a firearm; that this threat of prosecution infringes upon the exercise of his Second Amendment rights; and that Defendants' threatened prosecution has precluded him from obtaining employment in the firearms industry, in which he has had approximately thirty (30) years of experience in evaluating various designs of handguns for licensed firearm dealers.[2]

On August 7, 2008, the Court dismissed Plaintiff's initial Complaint for lack of standing (Doc. 17). Plaintiff filed his Second Amended Complaint on August 15, 2008 (Doc. 19). In their second Motion to Dismiss, Defendants have abandoned their standing arguments[3] and now argue, for the first time, that they are entitled to sovereign immunity.[4]

---

[1] In pertinent part, § 921(a)(33)(B)(ii) provides: "A person shall not be considered to have been convicted of [an offense of misdemeanor violence] for purposes of this chapter if the conviction has been expunged or set aside...." 18 U.S.C. § 921(a)(33)(B)(ii) (2007).

[2] Plaintiff avers that he obtained employment with a firearms dealer in late January or early February 2008, only to learn subsequently that Defendants or their representatives had contacted the prospective employer and informed it that Plaintiff was a "prohibited person" under § 922(g)(9) and thus could not possess a firearm.

[3] Upon review of the facts alleged in Plaintiff's Second Amended Complaint, the Court finds that Plaintiff has satisfied the standing requirements of both Article III as well as the prudential considerations incident to same. Plaintiff has alleged, *inter alia*, a present intent to immediately purchase and possess a handgun for the defense of his home and person, and Defendants have threatened to criminally prosecute Plaintiff if he should do so. Accordingly, Plaintiff has standing to bring suit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

[4] While sovereign immunity is inextricably tied to the Court's subject matter jurisdiction, and thus cannot be waived - at least as a procedural matter - under FED. R. CIV. P. 12, Defendants failed to raise sovereign immunity in their first motion to dismiss (Doc. 11). Based on the initial Complaint, Defendants clearly had notice that they could interpose sovereign immunity in this case. Rather than

**II. Analysis**

Generally, a suit is against the sovereign if the judgment sought would expend itself on the public treasury, interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting or compel it to act. *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (citations omitted). Defendants argue that by seeking a declaration that the State court judgment setting aside and expunging Plaintiff's conviction for misdemeanor domestic violence effects § 921(a)(33)(B)(ii)'s exception to § 922(g)(9), Plaintiff has asked this Court to "restrain the prosecutorial authority of the United States" (Doc. 20 at 3). As a result, Defendants contend that this Court is without subject matter jurisdiction to hear Plaintiff's case.

While the Supreme Court has observed that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case," *United States v. Nixon*, 418 U.S. 683, 693 (1974), and the Fifth Circuit has noted that "courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions," *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965), this discretion can give way where important constitutional rights are at stake. *See*, *e.g.*, *Dombrowski v. Pfister*, 380 U.S. 479 (1965)(reversing District Court's refusal to enjoin enforcement of Louisiana's Subversive Activities and Communist Control Law in light of chilling effect on First Amendment rights); *Hynes v. Grimes Packing Co*., 337 U.S. 86, 98-99 (1949)(noting that "While ordinarily criminal prosecutions will not be restrained...a civil action will lie in exceptional circumstances that make

---

impose twice upon this Court's limited resources and increase Plaintiff's legal fees by addressing standing and sovereign immunity seriatim in separate motions, Defendants should have raised sovereign immunity in their first motion to dismiss.

an injunction necessary to effectually protect property rights," and finding that threat of prosecution which might deny fishermen the right to earn a livelihood was sufficient to invoke jurisdiction of the court); *Truax v. Raich*, 239 U.S. 33, 37-38 (1915)(recognizing that federal courts have jurisdiction to enjoin prospective criminal prosecutions which may lead to an unconstitutional denial of the right to earn a livelihood).

Assuming, as the Court must at this stage in the proceedings, that Plaintiff's conviction was duly expunged, it seems that he would clearly fall within the statutory exception in § 921(a)(33)(B)(ii) and would not be subject to prosecution under § 922(g)(9).  Furthermore, in light of *District of Columbia v. Heller*, _ U.S. _, 128 S.Ct. 2783 (2008), Plaintiff raises a viable claim that the violation of his Second Amendment right to bear arms also deprives him of the right to earn a livelihood.  Taken together, the Court concludes that Plaintiff's allegations fall within the very limited exception to the general principle of immunity, that Plaintiff is otherwise without an adequate remedy at law, and that Plaintiff would suffer irreparable harm if not permitted to proceed in the instant action.

Finally, Defendants argue that Plaintiff has failed to plead an express, statutory waiver to the federal government's immunity.  While it is true that a statutory waiver is generally required whenever the United States has been sued *eo nomine* or the Plaintiff seeks monetary damages, a statutory waiver has not been required in cases seeking declaratory or injunctive relief in instances where a plaintiff has been threatened with a criminal prosecution.  Although the majority of cases in which federal courts have granted declaratory or injunctive relief involved instances of threatened State criminal proceedings, where there was no statutory waiver of sovereign immunity, those cases may logically be extended to the federal context.  Just as a plaintiff who demonstrates

a genuine threat of having a disputed State criminal statute enforced against him may bring an action for declaratory relief in federal court without a statutory waiver, *see*, *e.g.*, *Steffel v. Thompson*, 415 U.S. 452 (1974), the Court sees no reason why a plaintiff genuinely threatened with a federal criminal prosecution cannot seek declaratory relief in federal court in certain limited circumstances.  If anything, the case for sovereign immunity should be stronger in the context of a threatened State criminal prosecution than instances in which a federal criminal prosecution is threatened.  In the state context, at least, there is not only a textual basis for sovereign immunity grounded in the Eleventh Amendment, the necessity of the *Ex Parte Young* fiction and a general statutory *prohibition* against federal courts providing relief,[5] but also federalism and comity concerns.  *Id.*; *see also*, *e.g*, *Younger v. Harris*, 401 U.S. 37 (1971); *Samuels v. Mackell*, 401 U.S. 66 (1971).  In the federal context, however, there are no such hurdles or concerns.  Where the plaintiff's suit does not seek to impose upon the fisc, but only to declare the status of fundamental constitutional rights, the requirement of a statutory waiver should give way.

**III. Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 22, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[5] *See* 28 U.S.C. § 2283 (2007).