UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BRUCE L. JENNINGS, | CIVIL CASE NO. |
| Plaintiff, | 6:08cv0833-ORL-31GJK |
| vs. | AGREED MOTION OF PLAINTIFF JENNINGS FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE: 41(A)(2); MEMORANDUM OF LAW AND DECLARATION OF JAMES C. SABALOS |
| MICHAEL MUKASEY, as Attorney General of the United States in his official capacity; the UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES ATTORNEY'S OFFICE FOR THE MIDDLE DISTRICT OF FLORIDA; and ROBERT O'NEILL, as United States Attorney for the Middle District of Florida, in his official capacity. | |
| Defendants. | |

**MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Bruce L. Jennings (hereinafter "Jennings"), as Plaintiff, hereby files this, his Motion For Voluntary Dismissal Without Prejudice pursuant to Rule 41(a)(2).

This Motion is made on the grounds that the matter is no longer ripe for adjudication as a result of the Order of the San Bernardino Superior Court dated April 21, 2009 vacating its December 8, 2005 Order which had granted relief to Jennings pursuant to California Penal Code Section 1203.4a. The Order, attached hereto as Exhibit A to the Declaration of James C. Sabalos, reinstated the Court's earlier Order of September 28, 1999. The Order issued by the Court on April 21, 2009 was made *without prejudice* for Jennings to re-notice a motion for post-conviction expungement relief (under 1203.4a), which motion is being prepared.

## MEET AND CONFER

Counsel for Jennings and the Defendants have communicated and have agreed on the Motion with inclusion of the following language requested by Defendants' counsel:

"Pursuant to Local Rule 3.01(g), the undersigned certifies that he has communicated with counsel for defendants, Assistant United States Attorney Ralph E. Hopkins, who has advised that he concurs with the dismissal of this action on mootness grounds but disagrees that any further action by the Superior Court of California, San Bernardino, would operate to relieve Jennings of the firearms disability imposed under federal law."

The undersigned counsel is conferring with Assistant District Attorney Stephanie Zeitlin, Appellate Division, San Bernardino District Attorney's Office, for briefing and hearing dates, which hearing may not occur until June or July of 2009, depending upon Judge Plotkin's calender.

This Motion is based on this Notice, the attached Memorandum of Law and Declaration of James C. Sabalos, and on the pleadings records and files in this matter.

DATED: May 11, 2009                     LAW OFFICE OF JAMES C. SABALOS

By: /s/ James C. Sabalos
    James C. Sabalos, Esq.
    CA Bar No. 182545, *Pro Hac Vice*
    1400 Bristol Street N., Suite 270
    Newport Beach, CA 92660
    Tel: (949) 355-6084 or (949) 442-8942
    jimsabalos@hotmail.com;
    janelle@gladychlaw.com
    Trial Counsel for Plaintiff, BRUCE L. JENNINGS

BUTLER PAPPAS WEIHMULLER
KATZ & CRAIG, LLP
DENNIS M. HUDSON, JR., Esq.
Florida Bar No.: 0377200
dhudson@butlerpappas.com;
R. STEVEN RAWLS, Esq.
Florida Bar No.: 0938254
rrawls@butlerpappas.com
One Harbour Place, Suite 500
777 South Harbour Island Blvd.
Tampa, FL 33602
Tel: (813) 281-1900
Attorneys for Plaintiff, BRUCE L. JENNINGS

## MEMORANDUM OF LAW

Jennings sought declaratory relief before this Court on the grounds that a state court order issued out of the Superior Court of California, San Bernardino, on December 5, 2005 granted corrected expungement relief to Jennings pursuant to California Penal Code Section 1203.4a. Jennings alleged Section 1203.4a of the California Penal Code (the expungement statute) contained no firearms prohibition and, therefore, authorized Jennings' right to possess firearms under federal law: 18 U.S.C. § 921(a)(33)(B)(ii).

In March of 2009, the Appellate Division of the San Bernardino District Attorney's Office filed a corum nobis motion at the request of Defendants' representative to set aside the relief granted to Jennings on December 8, 2005. The matter was heard before the Superior Court on April 21, 2009.

The Superior Court's Order of April 21, 2009 (Exhibit A attached to the Declaration of James C. Sabalos, herein), vacated its December 8, 2005 order and reinstated its Order of September 28, 1999. The September 28, 1999 reinstated Order issued relief to Jennings under 1203.4(a), which provision prohibits possession of firearms. Accordingly, Jennings may not now possess firearms as a result of the court's Order of April 21. 2009.

The court's Order of April 21, 2009, however, granted Jennings permission re-notice a motion to seek relief under 1203.4a on any other post-conviction expungement ground he believes he may be entitled to. One of the primary grounds not addressed at the hearing, *inter alia,* was Jennings' right to relief under 1203.4a pursuant to the equal protection clause, which challenge is being prepared for the Court's consideration.

The undersigned counsel is, at the time of this Notice and Motion, working with the State's Appellate counsel, Ms. Stephanie Zeitlin, in agreeing to a practical briefing schedule to submit to the Superior Court and to set a dates for briefing and a hearing in the matter, which hearing is not likely to occur until June or July of 2009, subject to the Court's calender.

Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed at the plaintiff's request by court order. As the matter now stands, the Jennings case is not final, in light of continued proceedings authorized by the Superior Court's Order.

The matter for this Court, however, is not now currently ripe for adjudication nor is there a case or controversy under Article III. Should Jennings prevail in having his expungement order modified back to Section 1203.4a (which does not prohibit an expunged party from possessing firearms), he would be entitled to possess firearms. If and only if the Defendants' then persisted in refusing to recognize his rights, would this Court be able to consider subject matter jurisdiction. In the event Jennings fails to prevail, the matter would then become moot, as a matter of law.

Although Jennings could seek leave of this Court to amend his pleadings and raise other post-conviction relief matters he may be entitled to (e.g., equal protection), principals of federalism, comity and efficient use of resources would likely predominate requiring abstention by the Court, particularly since statutory and constitutional challenges should be left to the state courts in which they are made. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* 544 U.S. 280, 292-93 (2005). Nor is this a case in which the *"Rooker-Feldman"* doctrine applies. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. (1983).

As the Court ruled in *Exxon Mobil*: "[D]isposition of the federal action, *once the state-court*

*adjudication is complete*, would be governed by preclusion law. The Full Faith and Credit Act, 28 U.S.C. § 1738...requires the federal court to give 'preclusive effect to a state-court judgment as another court of that State would give.'" (citations omitted) *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* 544 U.S. at 293-294. The state court proceedings involving Jennings' matter before the Superior Court of San Bernardino are not complete and, therefore, preclusion under 28 U.S.C. § 1738 would be inappropriate and unnecessary. Jennings is entitled, under these circumstances, to obtain dismissal by this court, *without prejudice.*

Jennings, therefore, respectfully moves this court to dismiss this matter *without prejudice* to Jennings, so that Jennings may pursue his remedies back in the Superior Court for final resolution of his statutory and constitutional rights.

                                        Respectfully submitted,

DATED: May 11, 2009          LAW OFFICE OF JAMES C. SABALOS

                                        By:   /s/ James C. Sabalos
                                               James C. Sabalos, Esq.
                                             CA Bar No. 182545, *Pro Hac Vice*
                                             1400 Bristol Street N., Suite 270
                                             Newport Beach, CA 92660
                                             Tel: (949) 355-6084 or (949) 442-8942
                                             jimsabalos@hotmail.com; janelle@gladychlaw.com
                                             Trial Counsel for Plaintiff, BRUCE L. JENNINGS

## DECLARATION OF JAMES C. SABALOS

I, JAMES C. SABALOS, declare:

1. I am an attorney at law admitted *pro hacc vice* to practice before the above-entitled court and am trial counsel for the Plaintiff, Bruce L. Jennnings; I have personal knowledge of the matters stated herein and if called upon to testify, could and would testify competently thereto.

2. On April 21, 2009, the Superior Court of California, County of San Bernardino, the Honorable Barry L. Plotkin, presiding, held a hearing and issued an Order vacating its December 8, 2005 Order, reinstating the court's September 28, 2009 Order. Attached hereto as <u>Exhibit A</u> is a true and correct copy of that court's Order provided to Jennings' counsel by facsimile that same date.

3. I have conferred with Assistant U.S. Attorney Ralph Hopkins and informed him of the new Order and Jennings' intention to move for dismissal without prejudice pending re-filing and re-noticing a motion for post-conviction expungement in the San Bernardino Court. Mr. Hopkins has indicated he agrees with the Motion with the inclusion of the following language:

"Pursuant to Local Rule 3.01(g), the undersigned certifies that he has communicated with counsel for defendants, Assistant United States Attorney Ralph E. Hopkins, who has advised that he concurs with the dismissal of this action on mootness grounds but disagrees that any further

action by the Superior Court of California, San Bernardino, would operate to relieve Jennings of the firearms disability imposed under federal law."

Executed on May 11, 2009 at Newport Beach, California.

I declare under penalty of perjury that the foregoing is true and correct.

                                            /s/ James C. Sabalos
                                      JAMES C. SABALOS, Declarant

## CERTIFICATE OF SERVICE

✓ I hereby certify that on **May 11, 2009**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

___ I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

✓ I hereby certify that on **May 11, 2009**, I served a true and correct copy of the foregoing document on the following parties via electronic mail and by U.S. Mail, to the following addresses:

| | |
|---|---|
| Robert E. O'Neill, Esq.<br>United States Attorney<br>Ralph E. Hopkins, Esq. (lead counsel)<br>Carrie O'Donnell<br>Assistant United States Attorneys<br>501 West Church Street, Suite 300<br>Orlando, Florida 32805<br>ralph.hopkins@usdoj.gov<br>carrie.o'donnell@usdoj.gov<br>Attorneys for Defendants | R. STEVEN RAWLS, Esq.<br>DENNIS M. HUDSON, JR., Esq.<br>BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP<br>777 S. Harbour Island Boulevard, Suite 500<br>Tampa, Florida 33602<br>Tel: (813) 281-1900; Fax: (813) 281-0900<br>rrawls@butlerpappas.com<br>dhudson@butlerpappas.com<br>Co-counsel for Plaintiff BRUCE JENNINGS |

DATED: May 11, 2009

/s/ James C. Sabalos
James C. Sabalos, Esq.
CA Bar No. 182545, *pro hac vice*
Trial Counsel for Plaintiff BRUCE JENNINGS
1400 Bristol Street North, Suite 270
Newport Beach, CA 92660
Tel: (949) 355-6084 or (949) 442-8942
Fax: (949) 442-8949
Email: jimsabalos@hotmail.com
Attorneys for Plaintiff BRUCE L. JENNINGS

MOTION TO DISMISS FLA

# EXHIBIT A

Superior Court of California, County of San Bernardino
State of California
Minute Order

CASE NO: OCR10512                          DATE: 04/20/09
CASE TITLE: STATE OF CALIFORNIA V. BRUCE L JENNINGS

---

DATE: 04/20/09            TIME: 8:30              DEPT: R9

JUDGE: Barry L Plotkin presiding.
Clerk: Gina Zamudio
Court Reporter Heather Pfutzenreuter; 10294
Court Attendant Philip Cooper

APPEARANCES:
Deputy District Attorney Stephanie H Zeitlin present for the People of The State of California.
Attorney James Sabalos present for Bruce L Jennings.
Bruce L Jennings not present.

PROCEEDINGS:
Action came on for Petition For Writ of Error Corum Nobis To Vacate Order Based Upon Fraud on The Court.

The court finds:

The court grants the Petition for Writ of Error Corum Nobis to vacate the court's order of 12.08.05 which granted defendants request to modify the courts previous order made 9.28.99 granting post-conviction relief, to reflect that the earlier order granting relief under PC sec. 1203.4(a) be modified, nunc pro tunc, to allow for relief under section 1203.4a. The court further finds:

1) The 2005 order was made without proper notice to the People and was signed by the court, ex parte, on the same day it was received without a hearing date being set by the court; in so doing the People were denied due process.
2) The supporting declaration of defendant claiming that the earlier order granting relief under 1203.4(a) was a typographical error was false; the written order reflected the relief requested by his counsel.

EXHIBIT __A__ PAGE __/__

3) The defendant was not entitled by the language of section 1203.4a to relief under that section; 1203.4(a) was the proper basis for relief given the defendants grant of probation at the time of sentencing. The court lacked jurisdiction to grant relief under section 1203.4a.

The order granting defendant post-conviction relief under PC section 1203.4(a) on 9.28.99 is hereby reinstated without prejudice to defendant to file a properly noticed motion seeking any other post-conviction relief he may be entitled to.

= = = MINUTE ORDER END = = =